Clausell MABRY; Tarsha by Her Next Friend Clausell Mabry; Angela Pankey; Lorainne Harrell; Eugene Barksdale by His Next Friend, Lorainne Harrell, all Individually, and on Behalf of all Persons Similarly Situated, Plaintiffs,

v.

VILLAGE MANAGEMENT, INC.; American National Bank u/t/n 55100 and 55511; Samuel Pierce, Secretary of the United States Department of Housing & Urban Development in His Official Capacity; and United States Department of Housing & Urban Development, Defendants.

No. 85 C 6093.

United States District Court, N.D. Illinois, E.D.

Nov. 4, 1985.

Diane Citrino, Alan A. Alop, Leslie Ann Jones, Anthony J. Fusco, Jr., Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiffs.

Elizabeth M. Landes, Asst. U.S. Atty., Stanley J. Adelman, Mark L. Shapiro, Thomas F. Geselbracht, Rudnick & Wolfe, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is pending before this Court on the private defendants' motion to consolidate this case with *Gautreaux v. Pierce,* Nos. 66 C 1459/1460, under Fed.R.Civ.P. 42(a). In the alternative, these defendants request a transfer of this case to this Court as a matter related to *Gautreaux* under Local Rule 2.31.[1] For the reasons stated below, the defendants' motions are denied.

Preliminarily, we note that our determination that this case is not related to the *Gautreaux* litigation within the meaning of Local Rule 2.31 continues the practice of Judge Crowley, who previously presided over this matter, and his predecessors in holding that a case involving alleged discrimination in connection with federally subsidized housing in the Chicago area is not automatically related to *Gautreaux* even if it does happen to present some isolated issues that might have a broad impact on or be controlled by issues involved in the *Gautreaux* cases. Otherwise, this Court would fast become the repository for every housing discrimination case in the Chicago area; a result that would not comport well with notions of sound judicial administration or policy. *See Finger Enterprises v. Pierce,* No. 82 C 1400, slip op. (N.D.Ill. March 9, 1982) (motion for finding of relatedness denied on similar grounds); *Kogen v. City of Chicago,* No. 82 C 2944, slip op. at 2 (N.D.Ill. May 24, 1982).

This case was filed as a plaintiff class action against American National Bank and Trust Company of Chicago, u/t/n 55100 and 55511 and Village Management, Inc. ("the private defendants"), the private owner and manager, respectively, of Ontario Place, an apartment building involved in the federal Section 8 subsidy programs, 42 U.S.C.A. § 1437f (West 1981 & West Supp. 1985) and federal mortgage insurance programs, 12 U.S.C. § 1715 (1982 & Supp. II 1984).[2] Under these programs, the federal government subsidizes private owners of residential properties. Section 1715k of Title 12, United States Code, is a provision of the National Housing Act providing federal insurance for mortgages of certain residential housing projects. Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f, provides federal housing assistance payments ("HAPS") to private landlords as an incentive to provide much-needed housing for lower-income families. The two plaintiff classes represented by the named plaintiffs consist of:

(a) *Class A.* Class A is defined as all two-person black families consisting of one adult and one child who have applied or will apply or who have sought to apply or will seek to apply for housing subsidized pursuant to 42 U.S.C. § 1437f at the apartment building located at 10 E. Ontario, Chicago, Illinois ("Ontario Place") and who have been or will be denied such housing based upon the Tenant Selection Policy described in ¶ 33, *infra.*

(b) *Class B.* Class B is defined as all children in all two person families who have applied or will apply or who have sought to apply or will seek to apply for housing subsidized pursuant to 42 U.S.C. § 1437f at Ontario Place, and who have been or will be denied such housing

---

1. This case was originally assigned by lot to Judge Prentice H. Marshall of the Northern District of Illinois. Local Rule 2.31, however, provides that the judge before whom the lower numbered case of the claimed related suit is pending shall determine whether the cases are related within the meaning of the rule and should thus be heard by the same judge in order to save time and effort for all concerned.

2. Also named as defendants, but not participating in the present motion, are the United States Department of Housing and Urban Development ("HUD") and Samuel Pierce, Secretary of HUD, the executive department and official, respectively, in charge of administering and overseeing the federal housing programs involved in this case.

based upon the tenant selection policy described in ¶ 33, *infra.*

Plaintiffs' Complaint ¶ 4.

The Tenant Selection Criteria being challenged as discriminatory by plaintiffs was submitted by the private defendants to the United States Department of Housing and Urban Development ("HUD"), and on May 16, 1983, HUD sent a letter of approval to defendant Village Management, Inc. Among other things, the Criteria provide that "a parent and child will not occupy the same bedroom." Ontario Place Tenant Selection Criteria at 2. This is consistent with a policy adopted by HUD. HUD Handbook 4350.3 CHG–1, Section 2–9(b)(4). Plaintiffs allege that the Tenant Selection Criteria adopted by the private defendants and approved by HUD act to discriminate against the plaintiff classes by limiting the availability of Section 8 housing. They allege that the policy discriminates against children in two person families, and that it has a disproportionate impact on black citizens. The complaint asserts violations of 42 U.S.C. § 2000d (1982) (prohibiting discrimination on the basis of race to exclude or deny individuals' participation in federally assisted programs), 42 U.S.C. § 1981 (1982) (providing for equal rights for all citizens in the making and enforcement of contracts and in receiving the full and equal benefit of the law) and 42 U.S.C. § 1982 (1982) (providing for equal rights for all citizens in the right to lease real property). Furthermore, the plaintiffs maintain that they are intended third-party beneficiaries of certain agreements between the private defendants and HUD in conjunction with the federal housing assistance programs.[3] These agreements prohib-

it discrimination against families with children, against the class of children ("Class B") and against individuals on the basis of race or age. Plaintiffs claim that the private defendants have breached these agreements and, as such, should be liable to third-party beneficiaries in the plaintiffs' position.

The case which the private defendants in the present case wish to have their case consolidated with or transferred as related to is *Gautreaux v. Pierce,* Nos. 66 C 1459/1460. The *Gautreaux* litigation began in 1966 when the plaintiffs, representing approximately 43,000 black tenants of and applicants for public housing in the Chicago area, brought related actions against HUD and the Chicago Housing Authority ("CHA") alleging that defendants had violated their rights under the Civil Rights Acts of 1870, 1871 and 1964, as amended, 42 U.S.C. §§ 1981, 1983 and 2000d (1982), and the equal protection clause of the Fourteenth Amendment in that they instituted and promoted racially discriminatory policies and practices that resulted in low income housing being built in exclusively black neighborhoods in Chicago and in racial quotas that limited the number of black families in white housing projects. Both HUD and CHA were found liable to the plaintiffs for their respective roles in contributing to Chicago's discriminatory housing patterns. The plaintiffs and HUD are now operating under a consent decree entered in June 1981 with the Court retaining jurisdiction to construe, implement, modify or enforce the decree upon proper application made by HUD or the plaintiffs. Thus, the Court's role in the

---

**3.** Pursuant to 12 U.S.C. § 1715k and 24 C.F.R. Part 220, private owners of new building projects wishing to receive federal mortgage insurance must enter into a contract with HUD designated as a "Regulatory Agreement for Insured Multi-Family Housing Projects." Among other things, these agreements provide that the insured owner shall not in selecting tenants discriminate against any person or persons because there are children in the family. Furthermore, the owners must comply with all federal, state or local laws prohibiting housing discrimination on the basis of race.

Pursuant to 42 U.S.C. § 1437f and 24 C.F.R. Part 880, private owners of new building projects wishing to receive federal subsidies through the Section 8 program must enter into a contract with HUD designated as a "Housing Assistance Payments Contract." Among other things, these agreements provide that the subsidized owner shall not in selecting tenants discriminate on the basis of age, race or membership in a special class (including children).

*Gautreaux* cases is limited to dispensing whatever post-decree relief might be appropriate within the confines of the consent decree.

Defendants claim that the plaintiffs' case is integrally related to the *Gautreaux* decree. Ontario Place is one of the buildings set aside for Section 8 housing subsidies in Chicago. The private defendants received federal mortgage insurance and receive Section 8 housing assistance payments. By agreement with HUD, twenty percent (94) of the 470 units in Ontario Place are reserved as Section 8 units. Furthermore, as part of the *Gautreaux* decree, twenty percent (19) of these Section 8 units were to be set aside for *Gautreaux* plaintiffs. However, of the 94 Section 8 units, 84 were one-bedroom apartments and only ten were two-bedroom apartments. The 19 *Gautreaux* set-aside apartments were made up of nine one-bedroom units and all of the Section 8 two-bedroom units. Thus, after the *Gautreaux* set-asides were taken out, all remaining Section 8 units available at Ontario Place were one-bedroom apartments.

The alleged discrimination in this case arises from the inability of plaintiffs and members of their purported class to obtain Section 8 housing at Ontario Place. However, contrary to defendants' assertions, it is not reasonable to assume that the distribution of two-bedroom apartments pursuant to the *Gautreaux* decree is the focus of plaintiffs' challenge. Rather, plaintiffs have asserted a claim regarding the particular Tenant Selection Criteria adopted by the private defendants and approved by HUD which effectively precludes members of the plaintiff class from obtaining Section 8 housing at Ontario Place. The challenge relates to all Section 8 housing at Ontario Place, not just the *Gautreaux* units.

### Motion to Consolidate

 A motion under Fed.R.Civ.P. 42(a)[4] to consolidate cases should only be granted if there are common questions of law or fact in the pending motions. Fed.R. Civ.P. 42(a); *Midwest Community Council v. Chicago Park District*, 98 F.R.D. 491, 499 (N.D.Ill.1983). The primary purpose of consolidation is to promote convenience and judicial economy. *Midwest Community Council*, 98 F.R.D. at 499. Applying this rather straightforward test, it is not difficult to see that this motion for consolidation has little merit. The *Gautreaux* decree is only tangentially related to the actual availability of particular Section 8 housing units at Ontario Place. In fact, even had the decree never existed, plaintiffs could have filed this suit challenging the Tenant Selection Criteria regarding one-bedroom apartments in the Section 8 program. Contrary to the private defendants' argument, this suit in no way acts as a collateral attack on the ·*Gautreaux* decree. The decree can be left undisturbed by the proceedings in this case.

Defendants argue that these cases have common issues of fact, and that the discrimination alleged in this case is merely a specific alleged instance of the overall pattern of discriminatory housing practices involved in *Gautreaux*. We fail to see how this could be true. Although HUD is named as a defendant in this case as well as in *Gautreaux*, the relationship ends there. In *Gautreaux*, HUD was found to have knowingly acquiesced in the Chicago Housing Authority's discriminatory practices of assisted housing placement. In the present case, HUD is alleged to have approved of a discriminatory tenant selection policy of an individual private Section 8 housing owner whose building happens to fall under the auspices of the *Gautreaux* consent decree. No common question of law presents itself here either. *Gautreaux* involved a systemic pattern of housing discrimination fostered by the Chicago Hous-

---

**4.** Fed.R.Civ.P. 42(a) states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

ing Authority and HUD. This case involves a particular instance of alleged discrimination by a Section 8 housing owner in its Tenant Selection Criteria.

Furthermore, no economies are likely to be achieved by consolidating these cases. These two cases are at such extremely different stages of litigation, there is very little that could be consolidated. The *Gautreaux* case is at a stage where only matters of post-decree relief are in question. The present case is still in its early stages with preliminary motions and discovery still pending. Thus, it would be impossible to "consolidate" these cases for the purposes of discovery or trial. Finally, this Court's familiarity with the *Gautreaux* consent decree would add nothing to the prompt and efficient handling which Judge Marshall is assured to give this case.

### Motion to Transfer

■ Defendants claim in the alternative that the present case should be transferred to this Court as a case related to *Gautreaux* under Local Rule 2.31.[5] Cases are related within the meaning of this rule if they involve the same property, involve the same issues of law or fact, arise from the same transaction or occurrence or involve common classes (in the case of class action suits). Local Rule 2.31(a). The present case, as discussed above, does not involve the same issues of law or fact as those in *Gautreaux*. Nor do these cases arise from the same transaction or occurrence. Fur-

thermore, the classes as defined in each case are different. However, the cases technically involve the same property, since Ontario Place is a housing facility within the *Gautreaux* decree, so we must look to the second part of the rule to determine if the proper conditions for transfer exist.

Local Rule 2.31(b) states that

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

1. Both cases are pending;

2. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

3. The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

4. Where a finding of relatedness is requested on the basis of common questions of law, such questions are complex or numerous; or

Where such a finding is requested on the basis of common questions of fact, such questions are susceptible of resolution in a joint hearing.

The *Gautreaux* case has been "concluded" with the entry of a consent decree. The sole role of this Court in this completed litigation is to monitor compliance with the

---

5. Local Rule 2.31 states in pertinent part:

 a. Relatedness Defined

 Two or more cases may be related if one or more of the following conditions is or are met:

 1. The cases involve the same property;

 2. The cases involve the same issues of fact or law;

 3. The cases grow out of the same transaction or occurrence;

 4. In class action suits, one or more of the classes involved in the cases is or are of the same; and

 5. In criminal cases all of the defendants named in each of the suits are the same and none of the cases includes defendants not named in any of the other cases.

 b. Conditions Under Which Cases May Be Reassigned As Related

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
1. Both cases are pending;
2. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
3. The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
4. Where a finding of relatedness is requested on the basis of common questions of law, such questions are complex or numerous; or Where such a finding is requested on the basis of common questions of fact, such questions are susceptible of resolution in a joint hearing.

consent decree. Even if one were to accept *arguendo* the premise that "both cases are pending," the handling of both cases by this Court is not likely to result in a substantial saving of judicial time and effort. This conclusion is drawn from the same reasoning stated above in the discussion of judicial economy regarding the motion to consolidate. Since not all of the criteria for granting a transfer have been met, the motion is denied.

### Conclusion

The private defendants have not presented a convincing argument for either consolidating this case with *Gautreaux* under Fed.R.Civ.P. 42(a) or for transferring this matter as a related case under Local Rule 2.31. We therefore deny both of these motions. This case will be returned to Judge Marshall for disposition. It is so ordered.