13 F.3d 81
 62 USLW 2421, 25 Bankr.Ct.Dec. 100, Bankr.
L. Rep. P 75,650
 In re COASTAL GROUP INC.; Construction Management Services,
Inc.; Hatzel & Buehler, Inc., Debtors.
CONSTRUCTION MANAGEMENT SERVICES, INC.
v.
MANUFACTURERS HANOVER TRUST COMPANY, Appellant,
Thomas E. Ross, Trustee.
 No. 93-7349.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 29, 1993.
Decided Jan. 3, 1994.
 
 1
 James L. Patton, Jr. (argued), Laura D. Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for appellee.
 
 
 2
 Francis A. Monaco, Jr., Joseph J. Bodnar, Walsh & Monzack, Wilmington, DE, Peter Feldman (argued), Morton L. Gitter, Glenn B. Rice, Gregory S. Kinoian, Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for appellant.
 
 
 3
 Before: SCIRICA and ALITO, Circuit Judges, and POLLAK,* District Judge.
 
 OPINION OF THE COURT
 
 4
 LOUIS H. POLLAK, District Judge.
 
 
 5
 Manufacturers Hanover Trust Company ("MHT") appeals from an order of the district court reversing the bankruptcy court's order that dismissed an adversary proceeding brought by Construction Management Services ("CMS") against MHT. The question raised by this appeal is whether the two-year limitations period found in Sec. 546(a)(1) of the Bankruptcy Code applies to debtors-in-possession or only to trustees. Most courts that have considered this question have concluded that the Sec. 546(a)(1) limitations period does not apply to debtors-in-possession. However, the two courts of appeals that have considered the question have ruled otherwise. See In re Softwaire Centre Int'l, Inc., 994 F.2d 682 (9th Cir.1993);[1] Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir.1990). Because we agree with our sister courts of appeals that the limitations period in Sec. 546(a)(1) applies to debtors-in-possession, we conclude that in the case at bar the bankruptcy court's order dismissing CMS' adversary proceeding against MHT was proper. Accordingly we reverse the order of the district court.
 
 
 6
 Part I of this opinion outlines the background and procedural history of this case. Part II addresses the legal question posed by this appeal.
 
 I. Background and procedural history
 
 7
 On October 26, 1987, appellee Construction Management Services ("CMS"), along with two other related entities, filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware. CMS, an entity engaged in the construction business, remained in possession of its assets as debtor-in-possession and continued to operate its business, pursuant to 11 U.S.C. Secs. 1107 and 1108. No trustee was ever appointed in CMS' bankruptcy case. In an order dated December 19, 1989, the bankruptcy court confirmed the debtor's Third Amended Consolidated Plan of Reorganization.
 
 
 8
 On January 8, 1991--over three years after the date CMS filed for bankruptcy--CMS commenced an adversary proceeding in the bankruptcy court to recover over $700,000 from MHT, one of its unsecured creditors. CMS sought, among other things, to recover, pursuant to 11 U.S.C. Sec. 547(b), certain allegedly preferential transfers, and to avoid, pursuant to 11 U.S.C. Sec. 553, certain allegedly improper setoffs.
 
 
 9
 On February 14, 1991, MHT moved to dismiss the complaint pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure on two grounds: (1) that the complaint was time-barred under Sec. 546(a)(1) of the Code because it was filed more than two years after CMS' bankruptcy case commenced, and (2) that CMS should be judicially estopped from asserting its claims against MHT because it failed to disclose its potential claims prior to confirmation of the reorganization plan.
 
 
 10
 On April 9, 1991, the bankruptcy court dismissed the adversary proceeding against MHT on the ground that CMS' claims were asserted after the two-year limitations period set forth in Sec. 546(a)(1) of the Code. 125 B.R. 730. Because the bankruptcy court found the claims to be time-barred, it did not reach the question of judicial estoppel.
 
 
 11
 CMS appealed the bankruptcy court order to the United States District Court for the District of Delaware. On April 15, 1993, the district court entered an order reversing the decision of the bankruptcy court. The district court held that Sec. 546(a)(1) does not apply to debtors-in-possession, and thus that the limitations period in that provision did not bar the adversary proceeding brought by CMS against MHT. The district court also concluded that CMS had made adequate disclosure of its potential claims against MHT and thus that CMS was not judicially estopped from commencing its adversary proceeding.
 
 
 12
 II. The applicability of Sec. 546(a)(1) to debtors-in-possession
 
 
 13
 As described above, the issue raised by this appeal is whether the limitations period in 11 U.S.C. Sec. 546(a)(1) applies to debtors-in-possession or only to bankruptcy trustees. The dispute centers on the relationship between Sec. 546(a)(1) and Sec. 1107(a). Section 546(a) sets time limits for the commencement of an adversary proceeding. That section provides:
 
 
 14
 An action or proceeding under section 544, 545, 547 [preference actions], 548, or 553 [setoff avoidance actions] of this title may not be commenced after the earlier of
 
 
 15
 (1) Two years after the appointment of a trustee under Section 702, 1104, 1163, 1302, or 1202 of this title or
 
 
 16
 (2) The time the case is closed or dismissed.
 
 
 17
 Most courts to consider the issue have held that the word "trustee" in Sec. 546(a)(1) does not include "debtor-in-possession" for statute of limitations purposes. Those courts have considered the express language of Sec. 546(a)(1) and have "refused to adopt any construction contrary to the statute's plain words and facial meaning." Pullman Construction Industries, Inc. v. National Steel Service Center, 132 B.R. 359 (Bankr.N.D.Ill.1991) (citing In re Korvettes, Inc., 67 B.R. 730 (S.D.N.Y.1986)).[2]
 
 
 18
 The strong counterargument to this "plain meaning" claim is that the statute must be read as a whole, and that, so read, the term "trustee" includes a debtor-in-possession. See In re Softwaire Centre Int'l, Inc., 994 F.2d 682, 683 (9th Cir.1993); Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1523-24 (10th Cir.1990).[3] CMS commenced its action against MHT to avoid allegedly preferential transfers and to challenge an allegedly improper setoff under Secs. 547 and 553 of the Bankruptcy Code, respectively. Notably, neither Sec. 547 nor Sec. 553 in so many words grants a "debtor-in-possession" the authority to avoid preferential transfers or to recover improper setoffs. Rather, those sections grant such authority to a "trustee."[4] As debtor-in-possession, CMS derives its authority to sue under Secs. 547 and 553 from Sec. 1107(a) of the Bankruptcy Code. Section 1107(a) provides:
 
 
 19
 Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title [the investigative duties], of a trustee serving in a case under this chapter.
 
 
 20
 (Emphasis added). Section 1107(a) thus extends the rights, powers and duties of a trustee to a debtor-in-possession subject to any limitations imposed upon a trustee. The legislative history of Sec. 1107(a) supports the proposition that a debtor-in-possession is subject to the same limitations the Code places on a trustee:
 
 
 21
 This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations as the court prescribes.
 
 
 22
 S.Rep. No. 95-989, 95th Cong., 2d Sess. 116 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5902, reprinted in App. 3 Collier on Bankruptcy, Pt. V (15th ed. 1993). One of the limitations on the rights and powers of the trustee is the time bar set forth in Sec. 546(a)(1).[5]
 
 
 23
 CMS makes a number of arguments in support of its statutory construction, none of which persuades this court that the limitations period in Sec. 546(a)(1) should be read to apply only to trustees. First, CMS focuses on the phrase "appointment of a trustee" in Sec. 546(a)(1). CMS reasons that a debtor-in-possession is not appointed but comes into existence with the filing of a bankruptcy petition and is eliminated when a trustee is appointed. Thus, CMS argues, to substitute the word "debtor-in-possession" for the word "trustee" in Sec. 546(a)(1) renders that provision--which refers to the "appointment of a trustee"--nonsensical. We find this emphasis on the word "appointment" is too literal. That term has been construed as general enough to include elected trustees.[6] Moreover, rather than substituting the term "debtor-in-possession" for the term "trustee," the more natural approach would view Sec. 1107(a) as an invitation to substitute the term "debtor-in-possession" for the entire Sec. 546(a)(1) phrase "trustee appointed under Section 702, 1104, 1163, 1302, or 1202 of this title...."
 
 
 24
 Second, CMS contends that because Congress left Sec. 546(a)(1) unchanged when it amended the Bankruptcy Code in 1984, we should regard Congress as having adopted the rulings of the two bankruptcy courts which had held, prior to that time, that a debtor-in-possession is not subject to the two-year limitations period of Sec. 546(a)(1). We see little merit in this contention. Although reenactment of a statute "generally includes the settled judicial interpretation" thereof, Pierce v. Underwood, 487 U.S. 552, 567, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988), when there is no direct evidence that in amending a statute Congress considered a particular issue that is presented in subsequent litigation, a court should not construe the statute's reenactment as congressional approval of the earlier judicial construction. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 336 n. 7, 91 S.Ct. 795, 805 n. 7, 28 L.Ed.2d 77 (1971). CMS does not refer to any evidence in the legislative history of the 1984 amendments to the Bankruptcy Code that would indicate that Congress gave the issue currently before this court any consideration. Furthermore, the two pre-1984 bankruptcy court decisions on which CMS relies--In re One Marketing Co., 17 B.R. 738 (Bankr.S.D.Tex.1982), and In re Silver Mill Frozen Foods, Inc., 23 B.R. 179 (Bankr.W.D.Mich.1982)--cannot be said to be "settled judicial interpretation," as required by the Supreme Court in Pierce.
 
 
 25
 Third, CMS argues that the specific provisions of Sec. 546(a)(1) supersede the general provisions of Sec. 1107(a) which grant a debtor-in-possession the rights and duties of a trustee. Assuming that the two provisions conflict, we believe that it is more appropriate to regard Sec. 1107(a) as the specific provision, because that provision is the one that defines the scope of the powers of and limitations on a debtor-in-possession. Moreover, the tenet that a specific provision takes precedence over a general one applies only when there is an inescapable conflict between the two, and we find no such inescapable conflict here. CMS concedes that Sec. 1107(a) authorizes this court to read the word "trustee" in Secs. 547 and 553 to include a "debtor-in-possession." Insofar as we conclude that Sec. 1107(a) similarly authorizes this court to read the word "trustee"--or, more broadly, the phrase "trustee appointed under...."--in Sec. 546(a)(1) to include a "debtor-in-possession," the two provisions do not conflict.
 
 
 26
 Both MHT and CMS advance policy arguments for their competing constructions. CMS contends that, although a debtor-in-possession and a trustee are both fiduciaries of the bankruptcy estate, they have different functions and focus their attentions on different goals. CMS argues that "[e]quating a debtor in possession with a trustee under Section 546(a)(1) ignores the reality of reorganization." Brief of Appellee, at 25. The district court and the courts which have criticized Zilkha have made the same point. They argue that a debtor-in-possession needs to negotiate with the creditors' committee to formulate a consensual plan of reorganization. CMS notes that the largest unsecured creditors are most likely to be both members of the creditors' committee and participants in significant avoidable transactions. CMS argues that, "[i]f prior to confirming its plan of reorganization CMS had attempted to recover preferences from MHT (the Chairman of the Creditors' Committee), CMS could well have destroyed all efforts to negotiate a consensual plan with the Committee." Brief of Appellee, at 30. Thus, CMS contends that a debtor-in-possession attempting to reorganize faces an inherent tension between the debtor's duty to pursue avoidance actions against creditors and its need to receive cooperation from the largest creditors in the formulation of a plan. According to CMS, this tension dissipates when a trustee is appointed, because a trustee takes on many of the duties of a committee and the role of the committee typically diminishes.
 
 
 27
 The counterarguments to CMS' policy argument are, we believe, persuasive. First, as the Ninth Circuit in Softwaire Centre noted, a debtor-in-possession would have two years to negotiate with creditors before being forced to file an adversary proceeding. See Softwaire Centre, 994 F.2d at 683-84. Second, and contrary to CMS' assertion, a Chapter 11 trustee has the same duties to fashion a plan of reorganization that a debtor-in-possession has. Section 1106(a)(5) provides that a trustee shall file a plan under Sec. 1121. Therefore a trustee, like a debtor-in-possession, must negotiate and cooperate with the creditors who will vote to accept or reject the plan. The legislative history of Sec. 1106(a)(5) reveals that Congress expected a Chapter 11 trustee to work with the creditors in formulating a plan:
 
 
 28
 Paragraph (5) requires the trustee to file a plan or to report why a plan cannot be formulated, or to recommend conversion to liquidation or to an individual repayment plan case, or dismissal. It is anticipated that the trustee will consult with creditors and other parties in interest in the formulation of a plan, just as the debtor in possession would. Consultation will be necessary in order to make more likely the obtaining of the requisite number of acceptances of the plan that is eventually formulated.
 
 
 29
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 404 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6360, reprinted in App. 2 Collier on Bankruptcy Pt. II (15th ed. 1993). Thus, the time bar in Sec. 546(a)(1) imposes on a trustee the same difficulties as it would impose on a debtor-in-possession. Moreover, a debtor-in-possession has a duty to disclose potential adversary proceedings against creditors before they vote on a plan. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir.), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (holding that a Chapter 11 debtor-in-possession has a "statutory and fiduciary duty to disclose [its potential claims against a creditor] during the pendency of the bankruptcy case"). Application of the two-year limitations period of Sec. 546(a)(1) to a debtor-in-possession would thus complement the debtor's duty to negotiate in good faith with the individual creditors against whom the debtor may have preference or avoidance claims and to disclose early on to its creditors the potential for recovery of assets for the estate.[7]
 
 III. Conclusion
 
 30
 For the reasons given above, we hold that the limitations period set forth in 11 U.S.C. Sec. 546(a)(1) applies to a debtor-in-possession. Because we conclude that Sec. 546(a)(1) bars CMS from bringing its adversary proceeding against MHT, the judgment of the district court is reversed.[8]
 
 
 
 *
 Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 On September 15, 1993, the Ninth Circuit issued an order in Softwaire Centre denying the petition for rehearing and rejecting the suggestion for a rehearing en banc
 
 
 [2]
 See also In re Electrical Materials Co., 160 B.R. 1018 (Bankr.W.D.Mo.1993); In re Brin-Mont Chemicals, Inc., 154 B.R. 903 (M.D.N.C.1993); In re Mars Stores, Inc., 150 B.R. 869 (Bankr.D.Mass.1993); Matter of Freedom Ford, Inc., 140 B.R. 585, 586 (Bankr.M.D.Fla.1992); In re Cardullo, 142 B.R. 138 (Bankr.E.D.Va.1992); In re Hunt, 136 B.R. 437, 447 (Bankr.N.D.Tex.1991); In re Mahoney, Trocki & Assoc., 111 B.R. 914, 919 (Bankr.S.D.Cal.1990)
 
 
 [3]
 See also In re Sparmal Enterprises, Inc., 126 B.R. 559, 562-63 (S.D.Ind.1991); In re Knapp, 146 B.R. 294 (Bankr.M.D.Fla.1992)
 
 
 [4]
 Section 547 provides that a "trustee may avoid any transfer of an interest of the debtor in property" that qualifies as a preferential transfer, as established in that section. 11 U.S.C. Sec. 547(b). With respect to challenges to setoffs, Sec. 553 provides that a "trustee may recover from [a] creditor the amount so offset" to the extent that the creditor received more than otherwise allowed under that section. 11 U.S.C. Sec. 553(b)
 
 
 [5]
 When Sec. 546(a) is read as a whole its structure and syntax lend further support for the conclusion that the entire section, including subsection (1), applies to debtors-in-possession. Section 546(a) states that an adversary proceeding "may not be commenced after the earlier of--(1) two years after the appointment of a trustee ..., or (2) the time the case is closed or dismissed." (Emphasis added). To read subsection (2) as the only limitation placed on a debtor-in-possession is effectively to read the "after the earlier of" language out of the statute when a debtor-in-possession is administering the bankrupt estate
 
 
 [6]
 See, e.g., In re Black & Geddes, Inc., 35 B.R. 827, 828-29 (Bankr.S.D.N.Y.1983)
 
 
 [7]
 The district court concluded that reading Sec. 546(a)(1) to apply to a debtor-in-possession would prevent a trustee appointed more than two years after the Chapter 11 case began from commencing adversary proceedings. The district court's conclusion is not, however, a necessary one. We do not need to reach the question whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings
 
 
 [8]
 Because we conclude that the limitations period in Sec. 546(a)(1) bars CMS' adversary proceeding, we need not consider the question whether CMS should be judicially estopped from bringing that proceeding