In re The APPLIANCE STORE, INC., and Northeast Consumer Technology Stores, Inc., Debtors.

Joseph P. NIGRO, Trustee, Plaintiff,

v.

PITTSBURGH POST–GAZETTE, Defendant.

Joseph P. NIGRO, Trustee, Plaintiff,

v.

MONTEREY COUNTY HERALD COMPANY, Defendant.

Bankruptcy Nos. 92–21573–BM, 92–21574–BM.

Adv. Nos. 94–2137–BM, 94–2213–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 31, 1994.

Richard A. Finberg, Malakoff, Doyle and Finberg, P.C., Pittsburgh, PA, for plaintiff Joseph P. Nigro, Trustee.

Richard A. Pollard, Pollard, Stewart & Reiber, P.C., Pittsburgh, PA, for Monterey County Herald Co.

Kevin C. Hansen, Meyer, Unkovic & Scott, Pittsburgh, PA, for Pittsburgh Post–Gazette.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Two matters are before the court at this time.

Monterey County Herald Company, defendant at Adversary No. 94–2213–BM (hereinafter "defendant"), has moved to dismiss the preference action the chapter 7 trustee has brought against it on the ground that it is barred by the two-year statute of limitations set forth at 11 U.S.C. § 546(a)(1). The trustee denies that the action is time-barred.

The trustee has moved to consolidate Adversary No. 94–2137–BM with Adversary No. 94–2213–BM pursuant to Fed.R.Civ.P. 42(a). Defendant Pittsburgh Post–Gazette does not object. Defendant Monterey County Herald Company does not object if its motion to dismiss is denied.

Defendant's motion to dismiss will be denied. The trustee's motion to consolidate will be granted.

## –I–

### FACTS

The salient facts are as follows.

Debtors filed voluntary chapter 11 petitions on April 7, 1992. They remained as debtors-in-possession until December 28, 1992, when the cases were converted to chapter 7 and a trustee was appointed. No successor to the original chapter 7 trustee has been appointed or elected in these cases.

On April 5, 1994, less than two years after the filing of the voluntary petitions, the trustee brought a complaint at Adversary No. 94–2137–BM against the Post–Gazette to recover allegedly preferential transfers pursuant to 11 U.S.C. § 547(b). The trustee alleges in the complaint that the Pittsburgh Press Company collected advertising fees for both the Pittsburgh Post–Gazette and the Pittsburgh Press pursuant to an agreement between the Post–Gazette and the Press. The fees were for advertisements placed in either or both newspapers. The trustee seeks in his prayer for relief to recover the sum of $120,483.00 plus interest.

On May 23, 1994, more than two years after commencement of the chapter 11 cases but less than two years after the appointment of the chapter 7 trustee, the trustee brought a complaint against Monterey County Herald Company to recover preferential transfers pursuant to 11 U.S.C. § 547(b). The allegations are virtually identical to those made in the complaint in the other adversary action, as is the prayer for relief.

On May 23, 1994, defendant Monterey Herald Company moved to dismiss the complaint against it pursuant to Fed.R.Civ.P. 12(b)(6).

That same day, the trustee moved to consolidate the above adversary actions pursuant to Fed.R.Civ.P. 42(a).

## –II–

### ANALYSIS

#### A) MOTION TO DISMISS

Defendant asserts that the analysis employed in *In re Coastal Group, Inc.,* 13 F.3d 81 (3d Cir.1994), wherein it was held that a debtor-in-possession is required by 11 U.S.C. § 546(a)(1) to bring a preference action within two years of the commencement of the chapter 11 case, compels the conclusion that a trustee who succeeds the debtor-in-possession also must bring a preference action within two years of the commencement of the chapter 11 case. Accordingly, defendant argues, the preference action is time-barred by 11 U.S.C. § 546(a)(1), which provides as follows:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

Defendant's reliance upon *Coastal Group* is misplaced. To begin with, *Coastal Group* is clearly distinguishable from the present case in that no trustee was ever appointed in that case. 13 F.3d at 83. Because no trust-

ee was ever appointed, the court was called upon to grapple with the following issue:

> The question raised by this appeal is whether the two-year limitations period found in section 546(a)(1) of the Bankruptcy Code applies to debtors-in-possession or only to the trustee.

13 F.3d at 82. The court stated that it was not deciding whether the two-year limitations period runs anew from the time a trustee is appointed. 13 F.3d at 86 n. 7.

Also, defendant's position is contrary to the plain language of § 546(a)(1).

■■■ The starting point for the interpretation of a statute is the language of the statute itself. *Electronic Laboratory Supply Co., Inc. v. Cullen,* 977 F.2d 798, 802 (3d Cir.1992). When the statutory language is clear, words must be interpreted in accordance with their ordinary meaning; only the most extraordinary showing of congressional intent may justify altering the plain meaning of a statute. *Malloy v. Eichler,* 860 F.2d 1179, 1883 (3d Cir.1988).

The plain language of § 546(a)(1) unequivocally states that a trustee may bring a preference pursuant to § 547 within two years "after the appointment of a trustee under section 702, 1104, 1163, 1202, or 1302 of this title".[1] As has been noted, the trustee commenced the above adversary action against defendant less than two years after his appointment as chapter 7 trustee. There is no indication in the legislative history that Congress intended anything other than what is said in plain language in § 546(a)(1).

The analysis set forth in *Coastal Group* does not, as defendant insists, compel the conclusion that the period when the debtor-in-possession could have commenced a preference action (but did not) is included in the two-year limitations period applicable to the trustee. To the contrary, the analysis in *Coastal Group* indicates that there are *two* distinct limitations periods in a case where a trustee succeeds a debtor-in-possession. The first is commenced with the filing of the chapter 11 petition and flows from the limitation imposed upon the debtor-in-possession. The second is commenced upon the appointment of the first trustee under any section of the Code referred to in § 546(a)(1). *See In re Nelson,* 167 B.R. 1018, 1023 (Bankr. E.D.Pa.1994).

The holding in *Coastal Group* is premised upon inclusion of debtors-in-possession within the extension of the term "trustee":

> Section 1107(a) thus extends the rights, powers and duties of a trustee to a debtor-in-possession subject to any limitations imposed upon a trustee.... One of the limitations on the rights and powers of the trustee is the time bar set forth in § 546(a)(1).

*Coastal Group,* 13 F.3d at 84.

It does *not* follow from this analysis that limitations imposed upon the rights and powers of a debtor-in-possession also are imposed *pari passu* on a trustee. The trustee is not, as defendant asserts, the "functional equivalent" in every respect of the debtor-in-possession. Accordingly, it does not follow from the fact that the debtor-in-possession must bring a preference action within two years of the filing of the chapter 11 petition that the first trustee who replaces the debtor-in-possession also must do so within two years of the filing of the chapter 11 petition.

Defendant's position, were it accepted, would permit various flagrant abuses of the bankruptcy process to go unchecked. For instance, an unscrupulous debtor-in-possession could "hang on" for two years without bringing avoidance actions against its principals and/or certain creditors whom it may have reason to favor. At the conclusion of this time frame and scheme, the initial trustee appointed in the case would be precluded from bringing those avoidance actions. It is highly unlikely that Congress intended to allow such abuses to occur when it enacted § 546(a)(1). The construction adopted herein would enable the trustee to commence

---

1. We are *not* called upon to decide here whether the two-year limitation period begins to run anew upon appointment of a trustee who succeeds a prior trustee or whether the successor trustee has two additional years from the time of their own appointment in which to bring a preference action. The issue before the court at this time is whether the two-year period runs anew upon the appointment of the initial trustee who succeeds a debtor-in-possession.

such action without violating the notion that the statutes of limitations are designed to impose finality and repose. To the contrary, our interpretation protects both the interests of creditors and the principle of finality and repose.

### B) *MOTION TO CONSOLIDATE*

Fed.R.Civ.P. 42(a), which applies to adversary proceedings by virtue of Federal Rule of Bankruptcy Procedure 7042, provides as follows:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

 The primary purpose of consolidation is to promote convenience and judicial economy. *See Mabry v. Village Management, Inc.,* 109 F.R.D. 76, 79 (N.D.Ill.1985). A motion to consolidate should be granted if there are common questions of fact or law in the case. *Id.*

The trustee's motion will be granted due to the predominance of questions of fact that are common to the two adversary actions. The trustee has made basically the same factual allegations and seeks the same relief in both complaints. According to the trustee, the Pittsburgh Press Company collected advertising fees for both defendants pursuant to an agreement between the parties and distributed them to the defendants. The trustee seeks to recover the sum of $120,483.00 from the defendants. Judicial economy and convenience to the parties will be furthered by the consolidation of the two adversary actions.