**In re AUSTIN TRUCK RENTAL, INC., Debtor.**

**WILMINGTON SAVINGS FUND SOCIETY, F.S.B. a/k/a WSFS, Appellant,**

**v.**

**Edward M. MAZZE, Trustee in Bankruptcy for the Estate of Austin Truck Rental, Inc., Appellee.**

Civ. A. No. 95–2654.
Bankruptcy No. 92–20452–SR.

United States District Court,
E.D. Pennsylvania.

June 26, 1995.

---

**MEMORANDUM**

LUDWIG, District Judge.

Wilmington Savings Fund Society, F.S.B. appeals from the Bankruptcy Court's ruling that the trustee's preference avoidance action was not barred by the two-year statute of limitations, 11 U.S.C. § 546(a)(1). 177 B.R. 827 (Bankr.E.D.Pa.1995). Jurisdiction is 28 U.S.C. § 158(a).[1]

## I.

On February 5, 1992 Austin Truck Rental, Inc. filed a Chapter 11 petition. On October 19, 1992 upon conversion to Chapter 7, Edward M. Mazze was appointed interim and, later, permanent trustee. On July 20, 1994 the trustee filed a preference action against appellant WSFS for recovery of $673,027.35 that it had received from the debtor during the one-year period before the Chapter 11 filing date.[2] Complaint, Adversary No. 94–0546. WSFS moved to dismiss the preference action as time-barred under 11 U.S.C. § 546(a), the trustee having instituted it more than two years beyond the filing of the Chapter 11 petition. The trustee's response was that under the plain wording of the statute, the limitations period runs from the date of the appointment of the trustee. Here, the preference action was filed within that two-year time span.

## II.

Section 546 reads:

(a) An action or proceeding under section 544, 545, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

John A. Wetzel, Philadelphia, PA, Edward Mazze, Charlotte, NC, for appellee.

Alan M. Rosen, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, for appellant.

Frederic Baker, Trustee, Philadelphia, PA, pro se.

1. Review of legal conclusions—plenary; of findings of fact—clearly erroneous. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir.1992).

2. These were payments on an antecedent debt alleged to have been secured by the personal guaranty of Walter Ball, debtor's principal. The effect of the personal guaranty on the trustee's insider preference claim, discussed in the Bankruptcy Court's opinion, was not briefed on appeal and, therefore, is not considered here. *See* Bankr.Rule 8010, 11 U.S.C.A. (adapted from Federal Rule of Appellate Procedure 28); *Winston v. Children and Youth Servs. of Del. County*, 948 F.2d 1380, 1385 (3d Cir.1991) (under Federal Rule of Appellate Procedure 28 issue not raised in brief will not be addressed).

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).[3]

This section explicitly relates to a trustee's avoidance powers. However, our Court of Appeals has held that section 546(a) also applies to debtors-in-possession and begins to run against them when the Chapter 11 petition is filed. *In re Coastal Group Inc.,* 13 F.3d 81, 86 (3d Cir.1994). *Coastal Group* noted that it did not resolve "whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings." *Id.* at 86 n. 7. The question argued on this appeal is whether under section 546 there is a single limitations period that runs from the filing of the bankruptcy petition, or, whether, in addition, where there has been a debtor-in-possession, a renewal or extension occurs when a trustee is appointed. The bankruptcy judges in our district, as well as other districts, are divided.[4] No Court of Appeals has squarely decided this issue.

### III.

■ Section 546(a) specifies a two-year statute of limitations activated either by "the appointment of a trustee" or the close of the bankruptcy, whichever occurs earlier. There is no provision that in so many words authorizes a debtor-in-possession to avoid transfers and challenge set-offs. But section 1107(a) empowers a debtor-in-possession to do so by conferring "all the rights ... and powers ... of a trustee." 11 U.S.C. §§ 546, 1107. Section 1107(a) defines these rights and powers as "[s]ubject to the limitations on a trustee serving in a case under ... [c]hapter [11]." 11 U.S.C. § 1107(a). *Coastal*

*Group* concluded that in exercising such rights and powers a debtor-in-possession is subject to the same time bar as a trustee. *Coastal Group,* 13 F.3d at 86. However, it did not resolve whether the subsequent appointment of a trustee would trigger a renewal or extension of the limitations period.

The Ninth Circuit Court of Appeals rejected the contention that the statute of limitations in section 546 is renewed upon conversion of a bankruptcy from Chapter 11 to Chapter 7. *In re San Joaquin Roast Beef,* 7 F.3d 1413, 1416 (9th Cir.1993). It held: "[T]he most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations. This result makes sense given the policy that underlies all statutes of limitations: prevention of the bringing of overly stale claims." *Id.* at 1415. *San Joaquin Roast Beef* did not involve a debtor-in-possession.

### IV.

Appellee-trustee asserts that a debtor-in-possession and a trustee have different motivations and concerns, requiring the trustee to have an additional limitations period. Brief of appellee at 15. Specifically, a debtor-in-possession would be unlikely to sue its creditors while trying to negotiate a plan of reorganization with them. *Id.* at 16. Also, a debtor-in-possession would be unlikely to institute preference actions where doing so might reveal fraudulent conduct on its part. *Id.* at 16–17. These kinds of considerations led to last year's remedial legislation. *See supra* n. 3.

---

3. Section 546 was amended effective October 22, 1994. Under the amendment, the trustee's preference action would have been time-barred. However, the amendments do not apply to bankruptcies begun before the effective date.

"[S]ubsequent legislation reflecting Congress' 'interpretation' of an earlier act is entitled to substantial weight in determining the meaning of an earlier statute," where it was intended to clarify and not change the meaning of the statute. *Barnes v. Cohen,* 749 F.2d 1009, 1015 (3d Cir.1984) (citations omitted). Here, the amendments both clarify and change the previous statute. *In re Harry Levin,* 175 B.R. 560, 577–78 (Bankr.E.D.Pa.1994); 177 B.R. at 835. The

amendments expressly state that section 546 applies to all preference actions upon entry of an order for bankruptcy relief. 11 U.S.C. § 546(a) (Supp.1994). They also add a one-year renewal for trustees appointed during the initial two-year period. *Id.* This change reflects an apparent oversight in the original Code—for which reason it cannot be given much interpretative weight.

4. In this district, construing § 546(a): *In re Harry Levin, Inc.,* 175 B.R. 560 (Bankr.E.D.Pa.1994) held that one statute of limitations period exists; *In re Nelson Co.,* 167 B.R. 1018 (Bankr.E.D.Pa. 1994), two distinct periods.

But in dealing with the original section 546(a) and its relationship to a debtor-in-possession, our Court of Appeals in *In re Coastal Group*, 13 F.3d at 85–86, was not persuaded by those arguments. It explained that a Chapter 11 trustee "has the same duties to fashion a plan of reorganization that a debtor-in-possession has.... [Both the trustee and the debtor-in-possession] must negotiate and cooperate with creditors who will vote to accept or reject the plan." *Id.* The statutory time bar was found to present the same difficulties for both trustees and debtors-in-possession. *Id.* at 86. Moreover, "a debtor-in-possession has a duty to disclose potential adversary proceedings against creditors before they vote on a plan." *Id.* Logically, *Coastal Group's* focus on the functional similarities between a Chapter 11 trustee and a debtor-in-possession leads to inclusion of the debtor-in-possession when construing and applying section 546(a).[5] *Coastal Group* overcame the plain wording of that section's use of "trustee." It is a small conceptual step to take to conclude that there is a single two-year statute of limitations applicable to both trustee and debtor-in-possession alike— à la *San Joaquin Roast Beef.*

## V.

Analysis of the purposes underlying statutes of limitation suggests that section 546(a) should be restricted to a single limitations period, without renewal or extension. Such statutes prevent the bringing of overly stale claims, put adversaries on notice to defend within a clear-cut time period, and give certainty to repose from suit. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). Applied here, a single statute of limitations, with no renewal, specifically delimits for all bankruptcies the period within which an avoidance action may be instituted. Given that *Coastal Group* comes close to equating the debtor-in-possession with a trustee under section 546(a), it would be anomalous to accord the trustee a two-year renewal of the same limitations period.[6]

Here, the preference action was filed more than three years and nine months after the Chapter 11 filing. While *Coastal Group* left open the question presented here, the better view appears to be to restrict the total limitations period to two years. The Bankruptcy Code directs the debtor-in-possession to initiate preference avoidance actions in the same manner as a trustee. Section 1107(a). To create by judicial construction a renewal period, as Congress has now done, would be to distort the original legislation and to frustrate the beneficial purpose of statutes of limitation.

For these reasons, by order of May 31, 1995, the appeal of WSFS from the decision of the Bankruptcy Court was sustained.

---

**5.** The Bankruptcy Court opinion in this case did not read *In re Coastal Group* "to require that a debtor-in-possession is to be considered the 'equivalent' of a Chapter 11 trustee." 177 B.R. at 830 n. 4. Instead, it found that *"Coastal Group* simply restricts the amount of time within which a debtor-in-possession may initiate an avoidance action." *Id.* It also looked to "decisions applying section 546(a)(1) after the appointment of a trustee and holding that the limitations period should be counted from the appointment of the first trustee and not from the date of the filing of the bankruptcy petition." *Id.* at 830–34. It pointed to the Ninth Circuit decision, *In re San Joaquin Roast Beef, supra,* in which the limitations period was held to begin on appointment of the Chapter 11 trustee—without renewal or extension upon appointment of the Chapter 7 trustee. This decision post-dated *In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682, 683 (9th Cir.1993) (*en banc*), in which section 546 was made applicable to debtors-in-posses-

sion as of the filing of the Chapter 11. However, it is arguable that *San Joaquin Roast Beef* should be viewed only as authority for a single limitations period, not for giving a trustee a separate time entitlement. If so, it would not support the Bankruptcy Court's decision—but instead the decision reached now in this opinion.

**6.** Tolling theories may be used to alleviate inequities that result from application of a single limitations period. For example, the limitations period may be tolled for equitable reasons such as fraud. *See Levin,* 175 B.R. at 578–79. Here, the trustee argues that the Pennsylvania theory of adverse domination would equitably toll the running of the statute of limitations. Brief of appellee at 20. This issue was not raised below, reply brief of appellant at 3, and apparently involves factual issues that should be submitted to the Bankruptcy Court. *Levin,* 175 B.R. at 579.