In re EMERGENCY NETWORKS,
INC., Debtor.

Dale L. McCULLOUGH, Trustee,
Plaintiff–Appellee,

v.

KENNETH LEVENTHAL & COMPANY,
Defendant–Appellant.

Civ. A. No. 3:95–CV–1151–D.
Bankruptcy No. 392–37505–RCM–7.
Adv. No. 394–3691.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 1, 1995.

William A. Brewer III, Scott S. Hershman, Richard E. Aubin and Elizabeth A. Handschuch (argued) of Bickel & Brewer, Dallas, Texas, for defendant-appellant.

J. Maxwell Tucker (argued), R. Michael Farquhar, and James S. Brouner of Winstead Sechrest & Minick, P.C., Dallas, Texas, for plaintiff-appellee.

FITZWATER, District Judge:

This bankruptcy appeal presents a question concerning the limitations period prescribed by the pre–1994 version of 11 U.S.C. § 546(a)(1). The court is asked to decide, with respect to a preference action brought by a trustee who succeeds a debtor in possession, whether the period commences on the date the chapter 11 debtor becomes a debtor in possession, or on the date of the trustee's appointment. Because the bankruptcy court correctly denied a summary judgment motion in which appellant contended the preference action was time-barred, its order is affirmed.

I

On August 24, 1992 debtor Emergency Networks, Inc. ("ENI") was placed in involuntary chapter 7 bankruptcy. On September 29, 1992 ENI consented to the bankruptcy and elected relief under chapter 11 of the

Code, assuming the status of a debtor in possession. On December 4, 1992 the bankruptcy court appointed J. Gregg Pritchard ("Pritchard") as ENI's trustee pursuant to § 1104 of the Code. Plaintiff-appellee Dale L. McCullough ("McCullough") succeeded Pritchard as trustee.[1]

On December 2, 1994—within two years of his appointment as trustee, but in excess of two years after ENI became a debtor in possession—Pritchard commenced the instant preference action against defendant-appellant Kenneth Leventhal & Company ("Leventhal"). Leventhal moved for summary judgment on limitations grounds, contending the two-year period set out in § 546(a)(1) commenced on September 29, 1992—the date on which the case was converted to chapter 11 and ENI became a debtor in possession. In an order entered June 22, 1995 the bankruptcy court denied Leventhal's summary judgment motion. On June 30, 1995 this court granted Leventhal's motion for leave to bring this interlocutory appeal.

▆ Leventhal maintains that the two-year limitations period of the pre–1994 version of § 546(a)(1)—which both parties agree applies in this case—commenced on the date ENI's case was converted to chapter 11 and ENI became a debtor in possession. Leventhal argues that the bankruptcy court's order must be reversed, because the court should have dismissed this preference action as time-barred. Leventhal asserts that § 1107(a) of the Code—read in conjunction with § 546(a)(1)—mandates that the limitations period started running when ENI became a debtor in possession, rather than on the date Pritchard was appointed as ENI's trustee. According to Leventhal, because § 1107(a) grants a debtor in possession the same powers as a trustee, "[s]ubject to any limitations on a trustee," the limitations period of § 546(a)(1) applies to a debtor in possession. Leventhal posits that the time a debtor in possession remains in possession of the bankruptcy estate counts against the limitations period that governs to a subsequent-

ly-appointed trustee, and that the clock is not reset upon appointment of the trustee.

## II

The validity of Leventhal's summary judgment motion turns upon the correct interpretation of § 546(a). The pre-1994 version of this section provided:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

## A

Section 546 has been the subject of various judicial interpretations. Courts almost uniformly hold that the limitations period of § 546(a)(1) does not apply to interim trustees, but instead takes effect upon either the appointment or election of a permanent trustee. See, e.g., In re Maxway Corp., 27 F.3d 980, 984 (4th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994) (holding limitations period does not begin to run until permanent trustee selected); In re Metro Shippers, Inc., 95 B.R. 366, 368–69 (Bankr.E.D.Pa.1989) (noting courts uniformly conclude that period runs from time permanent trustee is in place). Courts have not adopted a uniform interpretation, however, of other aspects of § 546. For instance, courts differ as to whether appointment of a successor trustee starts the period anew. Compare In re M & L Business Mach. Co., 171 B.R. 383, 385–86 (D.Colo. 1994) (holding chapter 7 trustee has full two-year period to bring action regardless of existence of prior trustee or debtor in possession) with McCuskey v. Central Trailer Servs., 37 F.3d 1329, 1332 (8th Cir.1994) (holding two-year limitations period runs from appointment of first statutory trustee following debtor in possession, but is not reset for successor trustees).

---

1. McCullough does not contend the limitations clock started anew with his appointment as successor to Pritchard. The question presented in this appeal turns upon Pritchard's appointment as trustee.

Because § 546(a)(1) refers only to trustees, courts have also reached conflicting results regarding whether the limitations period applies to debtors in possession. Extrapolating from the plain language of § 546 and the former Bankruptcy Act, which gave trustees two years from the date of adjudication to bring claims but also tolled the statute during chapter 11 proceedings, many courts concluded that § 546(a)(1) placed no limitation on debtors in possession. *See, e.g., Maxway,* 27 F.3d at 982 (citing cases). However, subsequent to the Tenth Circuit's decision in *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1524 (10th Cir.1990), several courts have held that the two-year limitations period commences at the inception of the debtor in possession, *i.e.,* the time of the order for relief. *See In re Century Brass Prods.,* 22 F.3d 37, 40 (2d Cir.1994); *In re Coastal Group,* 13 F.3d 81, 86 (3d Cir.1994); *In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682, 683 (9th Cir.1994). These recent decisions have left unresolved the question whether the two-year limitations period that applies to debtors in possession affects the limitations period with respect to subsequently-appointed trustees. *See In re Harry Levin, Inc.,* 175 B.R. 560, 574 (Bankr.E.D.Pa.1994) (collecting cases).

## B

In its brief, Leventhal relies on *Zilkha, Century Brass, Coastal Group,* and *Softwaire Centre* to argue that the limitations period that applies to debtors in possession counts against the time that is accorded trustees under § 546(a)(1) to bring an action. *See* Appellant Br. at 5. The court declines to adopt Leventhal's analysis, because each of these decisions is distinguishable from the present case.[2]

In each of these opinions, the issue was whether the two-year limitations period of § 546(a) applied to debtors in possession at all, or instead only to trustees. Reading § 1107(a) in conjunction with § 546(a), these

courts concluded that a debtor in possession, who acts as the functional equivalent of a trustee, must be subject to the limitations period otherwise applicable to trustees.[3] Section 1107(a) states:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

In none of these cases was a trustee appointed, and three of the four opinions specifically reserved judgment on the effect the subsequent appointment of a trustee would have on the applicable limitations period. *See Century Brass,* 22 F.3d at 41 ("[S]ince no trustee was ever appointed in the present case, we need not decide whether such an appointment might revive a claim that the [debtor in possession] itself would have been barred from bringing."); *Coastal Group,* 13 F.3d at 86 n. 7 ("We do not need to reach the question whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings."); *Zilkha,* 920 F.2d at 1524 n. 11 ("We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis."). In *Softwaire Centre* the Ninth Circuit did not explicitly limit its holding, but did note that it followed the reasoning in *Zilkha* and that, like that case, the action under review involved a situation where no trustee was ever appointed. *Softwaire Centre,* 994 F.2d at 683 ("Here the case has not been closed or dismissed, nor has a trustee been appointed.").

Contrary to Leventhal's position, these decisions are not inconsistent with the bankruptcy court's ruling. "[N]othing in the language of § 546(a)(1) suggests that the limita-

---

**2.** At oral argument, Leventhal conceded that at least some of these opinions are distinguishable.

**3.** Bankruptcy courts in this district have not adopted this line of reasoning, but have instead held that the two-year limitations period in

§ 546(a)(1) does not apply to a debtor in possession under any circumstances. *See, e.g., In re Hunt,* 136 B.R. 437, 447–48 (Bankr.N.D.Tex. 1991).

tion on a debtor in possession would be 'tacked' or 'added' to calculate the limitation with respect to a subsequently appointed trustee." *In re Brook Meade Health Care Ctr.*, 165 B.R. 195, 197 (Bankr.M.D.Tenn. 1994). Rather, the opinions Leventhal cites in its brief indicate that there are two limitations periods created by § 546(a)(1)—a two-year period that applies to a debtor in possession so long as he stands in the shoes of the trustee, and a two-year period that applies to the trustee and runs from the time he is appointed. *See In re Appliance Store, Inc.*, 171 B.R. 525, 527 (Bankr.W.D.Pa.1994). Unlike the present case, in each of these decisions, a debtor in possession remained in possession of the assets of the bankruptcy estate, and no trustee was ever appointed.

Courts within the Second, Third, and Tenth Circuits—three of the circuits on whose opinions Leventhal relies—have held that a new two-year period commences upon appointment of a trustee. *See, e.g., In re Ted A. Petras Furs, Inc.*, 172 B.R. 170, 173–74 (Bankr.E.D.N.Y.1994) (holding § 546(a)(1) limitations period runs anew in event trustee subsequently appointed in case originally involving debtor in possession, and noting *Century Brass* does not require contrary holding); *In re Nelson Co.*, 167 B.R. 1018, 1023 (Bankr.E.D.Pa.1994) (holding trustee appointed more than two years after chapter 11 petition filed not bound by debtor in possession's inaction); *In re D–Mart Servs., Inc.*, 138 B.R. 985, 986–87 (Bankr.D.Utah 1992). The court finds these cases to be persuasive.

### C

Although the majority of courts favors commencing the limitations period anew when a trustee is appointed in place of a debtor in possession, *see, e.g., In re Ajayem Lumber Corp.*, 145 B.R. 813, 817 (Bankr. S.D.N.Y.) (adopting holding in *D–Mart*); *In re Carroll Indus.*, 153 B.R. 100, 102 (Bankr. D.N.H.1993) (holding that for causes of action not time-barred as of date of trustee's appointment, limitations period runs for two years from appointment), some courts have adopted a contrary view. *See, e.g., Tusa Florida, Inc. v. General Motors Acceptance Corp.*, 186 B.R. 542, 546 (Bankr.S.D.Fla.1995)

(holding that plain meaning of § 546, when considered in light of § 1107, provides two-year limitations period running from date petition filed, and that new period does not begin upon appointment of trustee).

At oral argument, Leventhal was able to point to a recent decision of the Ninth Circuit that supports Leventhal's position. In *In re IRFM, Inc.*, 65 F.3d 778 (9th Cir.1995), the Ninth Circuit affirmed the district court's appellate ruling that a chapter 7 trustee's preference action was time-barred by § 546(a). The circuit court held that the limitations period commenced when the debtor filed a chapter 11 petition on July 22, 1988, not on October 3, 1989, when the case was converted to chapter 7, or on October 14, 1989, when the chapter 7 trustee was appointed. *Id.* at 779–81. The Ninth Circuit reached this conclusion on the basis of its earlier decisions in *In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir.1993), and *Softwaire Centre. Id.*

In *San Joaquin Roast Beef* the circuit court had concluded that the limitations period commences when the first trustee is appointed, and that all subsequent trustees are subject to the same statute of limitations. *San Joaquin Roast Beef*, 7 F.3d at 1415. Focusing on the plain meaning of § 546, the Ninth Circuit rejected holdings of other courts that the statute of limitations is renewed when a case is converted from one chapter to another. *Id.* at 1416. In doing so, the court expressly rejected policy arguments in favor of a new limitations period, deferring to Congress to consider matters of policy. *Id.* at 1415–16. In *Softwaire Centre* the court followed the Tenth Circuit's holding in *Zilkha*, 920 F.2d at 1523–24, and concluded that the statute of limitations in § 546 applies to debtors in possession because they have the same powers and limitations as trustees. *Softwaire Centre*, 994 F.2d at 683–84.

In *IRFM* the Ninth Circuit read these two cases together, and reached its result on the basis of the following syllogism: if a chapter 11 debtor in possession is the functional equivalent of an appointed trustee, and limitations begins running from the petition date, and if limitations does not begin anew when

there is a conversion to chapter 7, then the limitations period must commence on the chapter 11 petition date, and the clock does not restart when a chapter 7 trustee is appointed. *IRFM*, 65 F.3d at 780–81. According to the panel, "The reasoning of *Softwaire Centre* and *San Joaquin Roast Beef* compels us to the conclusion that the statute of limitations began running in this case at the time the Chapter 11 petition was filed." *Id.* at 780 (footnote omitted). The *IRFM* court also cited two lower court decisions that had reached the same conclusion. *Id.* at 780 n. 2.[4]

In *In re EPI Prods. USA, Inc.*, 162 B.R. 1 (Bankr.C.D.Cal.1993), the bankruptcy court essentially forecast the reasoning that the Ninth Circuit followed in *IRFM*. The court relied on *San Joaquin Roast Beef* and *Softwaire Centre* to hold that a chapter 7 trustee's action was barred because the limitations period commenced when the original chapter 11 petition was filed. *Id.* at 3–4.[5] In *In re Sahuaro Petroleum & Asphalt Co.*, 170 B.R. 689, 692–93 (C.D.Cal.1994), the district court followed *EPI Products'* analysis of *San Joaquin Roast Beef* and *Softwaire Centre.*[6]

This court respectfully declines to adopt the reasoning of the Ninth Circuit in *IRFM* and of the lower courts in the opinions that Leventhal cites. *Softwaire Centre* pertained to the limitations period to be applied to a debtor in possession in a case in which no trustee was appointed. The *Softwaire Centre* line of cases quite logically prevents debtors in possession from having essentially an indeterminate period of time to commence an action; it does not dictate that a subsequently-appointed trustee is encumbered by loss of

the time during which a debtor in possession is in place. The result of the Ninth Circuit's *IRFM* decision is to disregard the plain language of § 546(a)(1), because it creates a limitations period that, under all circumstances, runs from the time the bankruptcy petition is filed. *San Joaquin Roast Beef* certainly does not command this result, because it considered only the appropriate limitations period when a *second* trustee is appointed, not when an *initial* trustee succeeds a debtor in possession. *San Joaquin Roast Beef*, 7 F.3d at 1414–15. In fact, the *San Joaquin Roast Beef* panel held that the statute of limitations began to run from appointment of the first trustee, even though that trustee was appointed twelve days after the petition date. *Id.* at 1414, 1416.

The plain language of § 546 supports the result that the bankruptcy court reached below. Section 546(a)(1) specifically provides that an action may not be commenced after the earlier of "two years after *the appointment of a trustee.*" (Emphasis added). Had Congress intended the limitations period to commence on the petition date, it could have said so. *Cf.* 11 U.S.C. § 108.

■ Leventhal argues that when read in conjunction with § 1107, § 546(a) indicates that "[n]either the subsequent appointment of a trustee nor the conversion of a case resets the limitations period." Appellant Br. at 10. Even if Leventhal is correct in its assertion that once a trustee is appointed, subsequent trustees are subject to the original limitations period,[7] this reasoning does not support the contention that a trustee replacing a debtor in possession is similarly bound. Section 1107 provides that debtors in

---

4. Leventhal urges this court to follow these opinions as well.

5. In *In re California Canners & Growers*, 175 B.R. 346, 348 (9th Cir. BAP 1994), a decision that preceded *IRFM*, a Ninth Circuit bankruptcy appeals panel rejected the reasoning of *EPI Products.*

6. Leventhal also relies on *Harry Levin*, 175 B.R. at 575, in which the bankruptcy court noted that *EPI Products* "is a minority position," but concluded that the approach taken there was the most persuasive.

7. The court does not decide the question whether the conversion of a case from one chapter to

another restarts the limitation period. The courts are split on this issue. *Compare In re Moody*, 77 B.R. 566, 574 (S.D.Tex.1987) (holding each trustee appointed following conversion from chapter 11 to chapter 13 allotted two years within which to commence avoidance actions), *aff'd*, 862 F.2d 1194 (5th Cir.1989), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992) *with San Joaquin Roast Beef*, 7 F.3d at 1416 (holding limitations period runs from date first trustee appointed and binds subsequent trustees). *See also Ted A. Petras Furs*, 172 B.R. at 175 n. 6 (noting majority of courts favor running period anew).

possession will be "[s]ubject to any limitations on a trustee." The effect of § 1107, read in conjunction with § 546, is to limit the time period during which debtors in possession may commence actions.[8] Section 1107 does not mandate that trustees who are also subject to a two-year limitations period are charged for the time during which a prior debtor in possession managed the estate. This interpretation of the Code means that an *inference* drawn from § 1107 overrides a trustee's *explicit* right in § 546(a)(1) to bring an action within two years after his appointment. The Ninth Circuit's reading of §§ 546 and 1107 would completely preclude a trustee from bringing a preference action if a case were converted more than two years after filing. Such a result is contrary to the Code's intent to enable bankruptcy trustees to perform their statutorily prescribed duties. *See In re SSS Enters.*, 145 B.R. 915, 919 (Bankr.N.D.Ill.1992). Instead, properly understood, the combined effect of §§ 546(a)(1) and 1107 is to create two distinct limitations periods: one that commences on the petition date and runs for two years or until the appointment of a trustee, and one that starts upon the appointment of a trustee in place of the debtor in possession and runs for two years thereafter. *See Nelson*, 167 B.R. at 1023.[9]

### D

Leventhal contends that this interpretation of § 546(a) does not comport with Congressional intent as evidenced by changes to § 546 enacted by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat.

4106.[10] The 1994 amendments, however, accomplish precisely the result of today's case; they create separate limitations periods applicable to debtors in possession and to trustees. The amendments establish that debtors in possession are, in fact, subject to a two-year limitations period. They do not, however, support Leventhal's contention that a subsequently-appointed trustee is bound by the limitations period that originally applied to the debtor in possession. To the contrary, the amended version provides that a trustee can bring actions more than two years after entry of the order for relief, because a trustee appointed or elected within two years after entry of the order for relief has one additional year in which to bring suits.

### E

■ Leventhal also maintains that the approach taken by the bankruptcy court below will result in the needless perpetuation of bankruptcy proceedings and frustrate the goal of statutes of limitations. As applied to a preference action, the limitations period is intended to apprise creditors of any adverse claims against them by preventing plaintiffs from delaying action to the detriment of creditors. *Cf. Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2396, 76 L.Ed.2d 628 (1983). This purpose is not unduly frustrated by allowing the trustee in this case two years in which to file a preference action. Moreover, there are several countervailing interests that favor providing a separate limitations period for a

---

**8.** The court rejects the reasoning of cases that place no limits on the debtor in possession's ability to bring preference actions. *See, e.g., Maxway*, 27 F.3d at 982; *Coastal Group*, 13 F.3d at 83 ("Most courts to consider the issue have held that the word 'trustee' in § 546(a)(1) does not include 'debtor in possession' for statute of limitations purposes.").

**9.** Under the facts of the present case, the court need only decide this issue in the context of the appointment of the *first* trustee appointed. *See supra* note 1; *supra* § II(A) (noting split of authorities regarding whether appointment of successor trustee starts limitations period anew); & *supra* note 7 (declining to decide whether conversion of case from one chapter to another restarts the limitations period).

**10.** 11 U.S.C. § 546(a) (Supp.1995), as amended in 1994, provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

trustee who takes the place of a debtor in possession.

■ A distinct limitations period provides the trustee with adequate time to investigate potential causes of action for the estate. The opportunity to pursue these claims for recovery of assets may be lost if the trustee is subject to an abbreviated limitations period. *See In re Dry Wall Supply, Inc.*, 111 B.R. 933, 936–37 (D.Colo.1990). Adequate time for investigation is essential to obtain equal distribution of assets among creditors, a principle at the core of the Bankruptcy Code. *See Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 2262, 110 L.Ed.2d 46 (1990). Leventhal's reading of § 546(a)(1) could require that trustees do the seemingly impossible— investigate claims prior to their appointment or risk forgoing any opportunity to bring them. The Code certainly does not support this result.

■ The practical realities of bankruptcy likewise weigh in favor of applying a new limitations period upon appointment of a trustee. Where bankruptcy is voluntary, the debtor often files under chapter 11 of the Code, and the case can remain open for a substantial period of time before it is either converted to chapter 7 or a chapter 11 trustee is appointed. *In re Topcor*, 132 B.R. 119, 125 (Bankr.N.D.Tex.1991). While trustees and debtors in possession share many duties and powers, the two often operate with different agendas. A debtor in possession seeking to reorganize its business may be more likely to make compromises in order to develop a plan of reorganization that is acceptable to creditors. Under these circumstances, the debtor in possession may elect to relinquish preference actions in order to effect plan confirmation. In contrast, the chapter 11 trustee should seek to maximize the return for the estate's creditors, and therefore may be more diligent in pursuing claims for preferential or fraudulent transfers. *See In re Hunt*, 136 B.R. 437, 448

(Bankr.N.D.Tex.1991). And, unlike the debtor in possession, the trustee is required by the Code to investigate the affairs of the debtor in search of such causes of action. *See* 11 U.S.C. § 1107(a) (exempting debtor in possession from investigatory duties prescribed in 11 U.S.C. § 1106(a)(3)).

The result of these distinctions is that a debtor in possession may have significantly less incentive to bring a preference action and may, in fact, attempt to delay conversion to chapter 7 (where a trustee will automatically be appointed) in order to protect creditors to which it made preferential transfers. At least in part because Leventhal's reading of § 546(a) permits such a result—which the court deems contrary to the intent of Congress and the purposes underlying bankruptcy—the court declines to accept Leventhal's arguments.[11]

\*    \*    \*

Properly read together, the pre–1994 version of § 546(a)(1) and § 1107(a) provide that a debtor in possession is subject to a two-year limitations period—measured from the petition date—for commencing a preference action. But upon subsequent appointment of a trustee, the trustee is entitled by virtue of the plain language of § 546(a)(1) to a full two-year period commencing upon appointment, notwithstanding that a debtor in possession had been in place prior to the trustee's appointment. The bankruptcy court therefore correctly held that this preference action is not time-barred. Its order denying summary judgment is

AFFIRMED.

---

11. Leventhal also asserts that it is "unaware of any situation in American jurisprudence where the clock is not only stopped, but actually turned back—where the limitations period is reset, to day one." Appellant Br. at 11. As noted above, several courts have held that the limitations period of § 546 begins anew when a trustee takes the place of a debtor in possession. The court finds the reasoning of these cases persuasive and is untroubled by Leventhal's inability to find analogous authorities in other areas of the law.