## In re AIR FORWARDING SYSTEMS, INC., Debtor.

### Jerald ROSEN, Trustee, Plaintiff,

v.

### AIR FORWARDING SYSTEMS, INC., U.S. Express, Inc., First Union Corporation of Florida, and Norma Acton, Defendants.

Bankruptcy No. 93–03897–6B7.
Adv. No. 94–271.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 23, 1995.

Mac D. Heavener, III, Orlando, FL, for defendant First Union.

Morton Kosto, Orlando, FL, for plaintiff Jerald I. Rosen, trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on the 6th day of January, 1995, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted by First Union National Bank of Florida ("First Union"), and the Trustee, Jerald Rosen's Memorandum of Law in Opposition to Defendant, First Union. Appearing before the Court were Mac D. Heavener, III, attorney for Defendant, First Union, and Morton Kosto, attorney for Plaintiff, Jerald I. Rosen, Trustee. After reviewing the pleadings, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On August 10, 1993, an involuntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* was filed in this Court on behalf of Air Forwarding Systems, Inc. ("AFS"). The Court entered an Order for Relief on September 24, 1993, and appointed Jerald I. Rosen ("Rosen") as the Chapter 7 Trustee.

Rosen commenced this adversary proceeding on September 13, 1994 seeking to recover preferential transfers made between August 10, 1992 and August 10, 1993. First Union's loan was secured by an insider guarantor, Norma O. Acton ("Acton").

## CONCLUSIONS OF LAW

In its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, First Union maintains that Congress has overruled *Levit v. Ingersoll Rand Fin., Corp. (In re V.N. Deprizio Constr. Co.)* (commonly referred to as *"Deprizio"*), 874 F.2d 1186 (7th Cir.1989) through the amendments of Section 202 of the Bankruptcy Reform Act of 1994 ("the 1994 Act"). The legislative history of the 1994 Act indicates the amendment "clarifies" that the *Deprizio* holding was never intended by Congress. 140 Cong.Rec. H10, 752–01, H10,767 (daily ed. Oct. 4, 1994) (submission of Rep. Brooks). Senate Bill 540 which led to the enactment of H.R. 5116, as amended, also reflects the Senate Committee on the Judiciary's belief that *Deprizio* and its progeny were wrongly decided. S.REP. No. 103–168, 103d Cong., 1st Sess. (1993). The Eleventh Circuit adopted *Deprizio* in *In re Wesley Industries, Inc.*, 30 F.3d 1438 (11th Cir.1994) when it held transfers to noninsider creditors that benefit insider-guarantors extend the preference period from 90 days to one year pursuant to 11 U.S.C. § 547(b)(4)(B).

The 1994 Act became effective on October 22, 1994, subsequent to the Eleventh Circuit's ruling in *Wesley Industries.* Section 202 eliminates a trustee's ability to recover transfers from a non-insider creditor and limits the recovery solely to the insider. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, 4121 (1994). Section 702 of the 1994 Act specifies which amendments are to be retroactive rather than prospective.[1] In selecting those provisions which have retroactive effect, Congress specifically excluded Section 202. Instead, Section 202 applies only in cases commenced after October 22, 1994, the effective date of the 1994 Act. *Id.* 108 Stat. at 4150.

In *Pereira v. Lehigh Sav. Bank (In re Arthur Management, Inc.)*, 174 B.R. 671 (Bankr.S.D.N.Y.1994) a case commenced before October 22, 1994, but decided after the effective date of the 1994 Act, the court rejected the *Deprizio* doctrine. When *Pereira* was decided, the Second Circuit Court of Appeals had not ruled on the *Deprizio* issue. The *Pereira* court had the benefit of the hindsight provided by the legislative history of the 1994 Act, and followed the majority view of the lower courts within the Second Circuit which refused to apply a recovery period beyond 90 days to noninsider transferees.

Unlike *Pereira*, prior to the effective date of the 1994 Act, the Eleventh Circuit in *Wesley Industries* followed the *Deprizio* doctrine. Congress designated Section 202 as prospective while designating other amendments retroactive. Although this new legislation is welcomed, this Court is bound by the Eleventh Circuit's statutory interpretation of 11 U.S.C. § 547(b)(4)(B) as it affects cases filed prior to October 22, 1994, the effective date of the 1994 Act. Accordingly, First Union's Motion to Dismiss is due to be denied.

## ORDER

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the Motion

---

1. Section 702 provides:
   (a) EFFECTIVE DATE.—Except as provided in subsection (b), this Act shall take effect on the date of the enactment of this Act.
   (b) APPLICATION OF AMENDMENTS.—(1) Except as provided in paragraph (2), the amendments made by this act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act.
   (2)(A) Paragraph (1) shall not apply with respect to the amendment made by section 111.
   (B) The amendments made by sections 113 and 117 shall apply with respect to cases commenced under title 11 of the United States Code before, on, and after the date of the enactment of this Act.
   (C) Section 1110 of title 11, United States Code, as amended by section 201 of this Act, shall apply with respect to any lease, as defined in such section 1110(c) as so amended, entered into in connection with a settlement of any proceeding in any case pending under title 11 of the United States Code on the date of the enactment of this Act.
   (D) The amendments made by section 305 shall apply only to agreements entered into after the date of enactment of this Act.

to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted by First Union National Bank of Florida is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED** and **DECREED** that First Union National Bank of Florida shall have ten (10) days from the date of this Order to file an answer.