In re ARTHUR F. HAZEN & CO., INC., Debtor.

William PINEO, Esq., Trustee, Plaintiff,

v.

REEVES BANK, Defendant.

Bankruptcy No. 91–23672 JLC.
Adv. No. 95–2040.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 11, 1995.

ing on the carrier's violation of credit regulations. *Transcon Lines,* —— U.S. at ——, 115 S.Ct. at 695.

William Pineo, Trustee, Meadville, PA.

Thomas E. Reiber, Pittsburgh, PA, for Reeves Bank.

*MEMORANDUM OPINION*

JOSEPH L. COSETTI, Bankruptcy Judge.

The matter before the court is the Defendant's motion to dismiss the above adversary proceeding. For the reasons expressed below, the motion is denied.

*Facts*

On October 10, 1991, the debtor, Arthur F. Hazen & Co., Inc., filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("Code") in the United States Bankruptcy Court for the Western District of Pennsylvania. At the time of filing, Debtor owed the defendant, Reeves Bank ("Reeves"), a sum in excess of $100,000, which included both secured and unsecured obligations. These obligations were guaranteed by John Manzo and Rocco DeMase, who were directors, officers, and sole shareholders of the Debtor for at least 1 year prior to the filing date. Thus, Manzo and DeMase qualify as "insiders" as defined in § 101(31) of the Code.

During the period of October 10, 1990 through the filing date, Debtor made payments to Reeves of approximately $22,000. On January 22, 1993, the case was converted to one under Chapter 7 of the Code. William Pineo was appointed interim trustee on January 26, 1993 and permanent trustee on March 12, 1993. On January 20, 1995, the trustee filed this complaint against Reeves for avoidance and recovery of preferential transfers and objecting to claims. Reeves responded on March 3, 1995 with a motion to dismiss the adversary action for failure to state a claim upon which relief can be granted.

*Discussion*

Reeves first argues that the complaint should be dismissed because the statute of limitations period for commencing a preference action has passed. Section 546 of the Code provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.[1]

Reeves relies on *In re Coastal Group, Inc.,* 13 F.3d 81 (3d Cir.1994), which held that the statute of limitations period in § 546 applies to debtors-in-possession. Reeves urges that a logical extension of the *Coastal Group* holding is that the statute of limitations does not begin to run anew upon the conversion of a case from Chapter 11 to one under Chapter 7 and the appointment of a Chapter 7 trustee.

In response, the trustee argues that *Coastal Group* only decided that the limitations period applies to debtors-in-possession and did not address what effect, if any, conversion of the case and the subsequent appointment of a Chapter 7 trustee would have on that period.

As noted earlier, *Coastal Group* held that the limitations period in § 546(a) applies to debtors-in-possession. Unlike the instant case, in *Coastal Group,* the chapter 11 case was not converted to Chapter 7 and no trustee was ever appointed. Thus, as the court noted in footnote 7 of its opinion, it "did not need to reach the question whether a Trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings." 13 F.3d at 86.

Courts in this circuit are divided between two interpretations of § 546(a) and *Coastal Group.* The first provides that there are two distinct limitations period; one which begins upon the filing of the petition and runs against the debtor-in-possession, and a second commencing upon the appointment of the first statutory trustee. *See, e.g., In re Nelson,* 167 B.R. 1018 (Bankr.E.D.Pa.1994); *In re Appliance Store, Inc.,* 171 B.R. 525 (Bankr.W.D.Pa.1994). The second interpretation concludes that there is one limitations period commencing upon the establishment of the debtor-in-possession which is not renewed upon conversion of the case or the appointment of a trustee. *See, e.g., In re*

*Harry Levin, Inc.,* 175 B.R. 560 (Bankr. E.D.Pa.1994).

■ The first interpretation appears to this court to be the correct view because it more closely follows the plain meaning of the statute. In adopting this interpretation, note is taken of Reeves' policy argument. While it is true that the policy of the statute of limitations is to prevent stale claims, it is also true that a Chapter 11 debtor-in-possession and a Chapter 7 trustee do not always have the same interests. The debtor-in-possession is attempting to reorganize and therefore may not be willing to bring an adversary proceeding against a creditor if it wishes to continue a business relationship with that creditor. On the other hand, in a Chapter 7 in which the debtor is no longer operating, the trustee's duty is to bring adversary proceedings, when appropriate, in order to gather as many assets as possible back into the estate for distribution to creditors. If the debtor-in-possession were in control of the limitations period, it is possible that it could prefer some creditors over others by waiting until the period had passed before converting the case to Chapter 7. To avoid this result and to maximize the benefit to the competing interests, this court interprets the Code as providing both the debtor-in-possession and the first trustee with a two year statute of limitations.

Reeves next argues that, assuming this action is timely, the recovery period for transfers made to Reeves is 90 days, not one year, before the filing date. Reeves asserts that the holding in *Levit v. Ingersoll Rand Fin. Corp. (In re V.N. Deprizio Constr. Co.),* 874 F.2d 1186 (7th Cir.1989), is incorrect and should not be followed by this court. The *Deprizio* court held that a trustee may recover a transfer made between 90 days and one year prior to filing from a noninsider transferee if the transfer benefitted an insider-guarantor.

■ The first issue which must be settled is whether the Amendments of the Bankruptcy Reform Act of 1994 ("Reform Act") apply

---

1. Section 546(a) has been amended by the Bankruptcy Reform Act of 1994. This court must apply the law which applies at the time of filing, however, since the amendment applies prospectively.

to this action. The Reform Act prohibits recovery in the extended insider period from non-insider transferees, regardless of whether the transfer benefitted insiders. See Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (1994).[2] While the legislative history indicates that Congress did not approve of the *Deprizio* line of cases, Congress did not take the opportunity to include section 202 in those amendments which are to be applied retrospectively. Because there is no Congressional intent which indicates otherwise, section 202 applies only prospectively. *See, e.g., In re Air Forwarding Sys., Inc.,* 176 B.R. 638 (Bankr.M.D.Fla. 1995).

The decision in *Deprizio* was based on literal interpretation of the plain meaning of Sections 547 and 550(a). While Section 547 establishes which transfers may be avoided, Section 550(a) states that recovery may be had from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." The *Deprizio* court reasoned that these sections allow a trustee to collect from a lender or guarantor, as long as only one satisfaction is received.

All other circuit courts which have addressed this issue have followed the *Deprizio* reasoning. *See, e.g., In the Matter of Southmark,* 993 F.2d 117 (5th Cir.1993); *In re C–L Cartage Co., Inc.,* 899 F.2d 1490 (6th Cir. 1990); *In re Sufolla, Inc.,* 2 F.3d 977 (9th Cir.1993); *In re Robinson Bros. Drilling, Inc.,* 892 F.2d 850 (10th Cir.1989); *In re Wesley Indus., Inc.,* 30 F.3d 1438 (11th Cir. 1994). While the Third Circuit has not been called upon to decide this issue, lower courts in this circuit have tended to follow *Deprizio.* *See, e.g., In re Austin Truck Rental,* 177 B.R. 827 (Bankr.E.D.Pa.1992), *rev'd on other grounds,* 183 B.R. 398 (E.D.Pa.1995); *In re Marilyn Steinberg Enterprises,* 141 B.R. 587 (Bankr.E.D.Pa.1992). *But see In re Performance Communications Inc.,* 126 B.R. 473 (Bankr.W.D.Pa.1991).

Reeves argues that this court should decline to follow *Deprizio* because the overruling of the *Deprizio* line of cases by Congress in Section 202 of the Reform Act clearly indicates that Congress never intended the result reached by the Seventh Circuit. Several courts have recently been faced with a *Deprizio* issue in cases filed before the effective date of the Reform Act. *See, e.g., In re Artha Management, Inc.,* 174 B.R. 671 (Bankr.S.D.N.Y.1994); *In re Air Forwarding Sys.,* 176 B.R. 638 (Bankr.M.D.Fla.1995). In *Artha Management,* the court recognized that the Reform Act did not apply to cases brought before the effective date. Since the Second Circuit had not decided the *Deprizio* issue prior to the Reform Act, the *Artha Management* court followed the majority of lower courts in its circuit, and declined to follow *Deprizio.* Similarly, the *Air Forwarding Systems* court looked to the state of the law before the amendments were enacted. That court, faced with a *Deprizio* issue, denied Defendant's motion to dismiss for failure to state a claim upon which relief can be granted because the Eleventh Circuit had adopted the *Deprizio* reasoning prior to the Reform Act.

■ Section 547(b) of the Code states:

... the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of filing of the petition; or

(B) between ninety days and one year before the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if—

**2.** Section 202 of the Reform Act states:
If a transfer made between 90 days and one year before the filing of the petition—
(1) is avoided under section 547(b) of this title; and

(2) was made for the benefit of a creditor that at the time of such transfer was an insider;
the trustee may not recover under subsection (a) from a transferee that was not an insider.

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Once it is determined under section 547(b) that a transfer is a preference avoidable by the trustee, section 550(a) clearly allows the trustee to choose to recover the transfer from either the initial transferee or the party that benefitted from the transfer. Thus, based on the plain meaning of the statute, a trustee can recover, within the extended insider period, from a non-insider transferee if the transfer benefitted an insider-guarantor.

■ Prior to the passage of the Reform Act of 1994, courts in this circuit have tended to follow *Deprizio*. This court will give deference to the weight of authority in this circuit, which follows *Deprizio*. Looking to the instant case, the trustee may maintain the action to recover the transfers from Reeves in the extended one year preference period. Manzo and DeMase were insiders of the debtor who benefitted from the payments to Reeves because the payments reduced their obligations on their guarantees.

### Conclusion

Reeves' motion to dismiss for failure to state a claim upon which relief can be granted is denied. Reeves Bank shall file its answer within twenty days of the date of this opinion and accompanying order.