In re Walter Gene VAUGHN, Barbara Ann Vaughn, Debtor.

Geneva F. Parris, Trustee, Plaintiff,

v.

Union Planters Bank of KY N.S., formerly Peoples First National Bank and Trust Co. Bardwell Deposit Bank, The Exchange Bank Glen Arrington, and Christopher Vaughn, Defendant.

Bankruptcy No. 98–50722(2)7.
Adversary No. 99–5018.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Feb. 2, 2000.

Eric Gibson, Bardwell, KY.

W. Howell Hopson, III, Cadiz, KY.

Mark Whitlow, Paducah, KY.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This Adversary Proceeding was filed by the Chapter 7 Trustee, Geneva F. Parris

("Trustee"), to set aside various transfers by the Debtors preceding the filing of their bankruptcy action, on the grounds that the transfers were fraudulent and/or preferential in nature. On November 12, 1999, this Court entered an Order overruling the Motion of Defendant, the Exchange Bank ("Exchange Bank"), to be Dismissed as a party Defendant. This matter is now again before the Court on Exchange Bank's Motion for Reconsideration of the November 12, 1999 Order. The Court has thoroughly reviewed the briefs filed by Exchange Bank. The Court notes that Trustee opted not to file a Response to the presently pending Motion. The Court finds for the reasons set forth below that Trustee is precluded by 11 U.S.C. § 550(c) from recovering as a preference the transfer at issue from Exchange Bank. The Court further finds for the reasons additionally set forth below that the material facts are not in dispute and Exchange Bank is entitled as a matter of law to judgment on Trustee's 11 U.S.C. § 548 claim, as well.

Accordingly, the Court finds that Exchange Bank should be dismissed as a party Defendant to this action, and will by separate Order sustain its Motion for Reconsideration.

### FACTS

Defendant Christopher Vaughn ("Christopher") is the Debtors' grandson. The Debtor, Walter Vaughn ("Debtor"), is in the business of farming. During the year 1997, Christopher helped Debtor with his tobacco crop, assisting in putting out the crop, cultivating it and harvesting it. In consideration, it was agreed by Debtor and Christopher that Christopher would be paid an agreed upon share of the tobacco proceeds when the crop was sold.

The tobacco crop was ultimately sold by New Enterprise Tobacco Floor, Inc. ("New Enterprise"). At the time of its sale, Christopher owed a debt in the amount of $4,893.62 to Exchange Bank. Coincidentally, New Enterprise was the

guarantor on that loan. Debtor and Christopher agreed that Christopher's share of the crop proceeds would be paid directly to Exchange Bank to pay off his note. In accordance with that agreement, Debtor instructed New Enterprises to simply pay $4,893.62 of the proceeds (being Christopher's share) directly to the Exchange Bank.

In compliance with that directive, New Enterprise paid $4,893.62 of the proceeds directly to Exchange Bank, on January 26, 1998; whereupon, Christopher's note was marked "paid in full" and the collateral released. Exchange Bank had no dealings with Debtor in relation to its loan to Christopher; nor in establishing this mechanism for repayment. Exchange Bank is not a creditor of the Debtor; nor does it have any kind of an insider relationship with the Debtor.

Nearly six months after the transfer at issue, Debtor filed for bankruptcy, on June 12, 1998.

### I. *11 U.S.C. § 550 PRECLUDES RECOVERY FROM EXCHANGE BANK.*

■ Trustee seeks to avoid the transfer of the $4,893.62 from New Enterprise to Exchange Bank under 11 U.S.C. § 547(b), governing preferential transfers. Under that section, the Trustee may set aside transfers made within the 90 day period preceding the filing of the bankruptcy when certain conditions are met § 547(b). The preference period is extended beyond the 90 day period, however, when the transfer is made to or for the benefit of an insider. § 547(b)(4)(B). In the case of insiders, § 547(b)(4)(B) permits the Trustee to set aside transfers occurring within the one year preceding bankruptcy.

In this case, the transfer sought to be avoided was made on January 26, 1998. Debtor filed for bankruptcy on June 12, 1998, almost six months later. Thus, the transfer occurred outside of the 90 day preference period, but within the one year

period applicable to insiders. It is undisputed that Exchange Bank, to whom the transfer was made, is not an insider. It is also undisputed that Christopher, for whose benefit the transfer was made, is a family member and, thus, classified as an "insider" as that term is defined by 11 U.S.C. § 101(31).

Section 550 of the Bankruptcy Code governs who may be subject to the Trustee's § 547 avoidance powers. Subsection (c) of § 550 is applicable to the case at bar. It reads:

(c) If a transfer made between 90 days and one year before the filing of the petition—

(1) is avoided under section 547(b) of this title; and

(2) was made for the benefit of a creditor that at the time of such transfer was an insider;

the *trustee may not recover under subsection (a) from a transferee that is not an insider.*

§ 550(c) (emphasis added). Accordingly, even if the transfer was ultimately determined to meet the requirements of a preferential transfer under § 547(b), Trustee would still be precluded from recovering the transferred monies from Exchange Bank. The language of § 550(c) unequivocally states that Trustee may not recover a preferential transfer from a transferee *that is not an insider,* if the transfer occurred outside of the general 90 day preference period. (emphasis added); *see also Blevins Elec., Inc. v. First Am. Nat'l Bank,* 185 B.R. 250, 252 (Bankr.E.D.Tenn. 1995) ("Preferential transfers made during the extended preference period may not be recovered from a transferee that is a non-insider."). Additionally, the Congressional history expressly states that "[t]his section overrules the *Deprizio* line of cases and clarifies that non-insider transferees should not be subject to the preference provisions of the Bankruptcy Code beyond the 90–day statutory period." H.R.Rep. 103–835, 103rd Cong., 2nd Sess. 19–20

(Oct. 4, 1994); 140 Cong.Rec. H10767 (Oct. 4, 1994).

Thus, Trustee is precluded from recovering the funds at issue from Exchange Bank. Accordingly, pursuant to the undisputed facts, Exchange Bank is entitled to judgment as a matter of law on Trustee's § 547 preferential transfer claim.

## II. *THE TRANSFER MAY NOT BE AVOIDED UNDER 11 U.S.C. § 548.*

The other ground upon which Trustee seeks to have the transfer set aside is § 548. That section provides in pertinent part:

"(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

. . .

"(d) ...

(2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor.

Debtor has filed a sworn affidavit stating that the payment to Exchange Bank was based on an agreement with Christopher that in consideration for Christopher working with Debtor to plant, cultivate and harvest Debtor's 1997 tobacco crop, "his share of the crop would be enough to pay off his vehicle loan at the Exchange Bank." This affidavit testimony is not rebutted. Trustee has not asserted any facts or specific allegations whatsoever that the payment to Exchange Bank was for any other purpose. Nor has Trustee disputed that the purpose of the transfer was to pay off Christopher's loan. It is undisputed that the transfer was made for the purpose of compensating Christopher for work and services performed. There are simply no facts in the record to suggest that the transfer was made "with actual intent to hinder, delay or defraud any entity ..." Accordingly, § 548(a)(1) does not apply, and Trustee cannot set aside the transfer under that section.

■ Additionally, § 548(a)(2) does not apply, either. The undisputed facts in the record establish that the transfer was made for a "reasonably equivalent value." Subsection (d) of § 548 defines "value" as including the satisfaction of a present or antecedent debt of the debtor. It is undisputed that the transfer to Exchange Bank to pay off Christopher's debt was in satisfaction of Debtor's debt owed to Christopher for value received; i.e., as compensation for the farming services Christopher rendered. Moreover, the record is devoid of any facts that would support a finding that the farming services Debtor received from Christopher was "less than [the] reasonably equivalent value" of the transfer at issue. § 548(a)(2). Accordingly, Trustee may not set aside the transfer under that Section.

### CONCLUSION

Pursuant to the reasons set forth above, this Court finds that the material facts are not in dispute and Exchange Bank is entitled to a judgment as a matter of law. Accordingly, the Court will by separate Order sustain the Exchange Bank's Motion to Dismiss it as a party Defendant to this Action.