**In re M2DIRECT, INC. et al., Debtors.**

**Neil C. Gordon, as Chapter 7 Trustee for the Estates of M2Direct, Inc. et al., Plaintiff,**

v.

**Glenn W. Sturm, John P. Kelly, Stephen R. Gross, John W. Collins, and Bahram Yusefzadeh, Defendants.**

**Bankruptcy No. 00–66043.**
**Adversary No. 02–6131.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 25, 2002.

Larry H. Chesin, Parks, Chesin, Walbert & Miller, Atlanta, Georgia, for plaintiff/petitioner/movant.

Russell S. Bogue, III, Hunton & Williams, Atlanta, Georgia, for Defendants Sturm, Gross, Collins and Yusefzadeh.

Bernard H. Dempsey, Jr., Dempsey & Sasso, Orlando, Florida, for John P. Kelly.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This preference action is before the Court on motions to dismiss filed by four of the defendants. These defendants argue that the amendments to 11 U.S.C. § 550 in the Bankruptcy Reform Act of 1994 prevent a trustee from asserting a claim against an insider guarantor to recover preferential payments made by the debtor to a non-insider lender between 90 days and one year before bankruptcy, even though the payments to the lender benefitted the insider guarantor. Defendants' arguments are not persuasive, and the Court concludes that § 550(c) of the Bankruptcy Code only prevents the trustee from asserting a claim to recover such a preferential payment from the transferee that is not an insider, not from the insider guarantor.

The facts are fairly straightforward. The Trustee, Neil C. Gordon, filed this complaint against five individuals, all of whom guaranteed certain loans to the debtor from Citizens Bank of Vienna, Georgia ("Citizens Bank"), and Sirrom Investments, Inc. ("Sirrom Investments"). The Trustee alleges that four of the defendants, Glenn W. Sturm, John P. Kelly, Stephen R. Gross, and John W. Collins (hereinafter the "Insider Defendants"), were all insiders of the debtor within the meaning of 11 U.S.C. § 101(31)(B) on the date the bankruptcy case was filed and within the year preceding the filing. In the year before the debtor's bankruptcy filing, debtor made payments to Citizens Bank totaling at least $100,661.47 and payments to Sirrom Investments totaling $314,999.98, of which $23,333.33 was paid within the 90 days prior to the bankruptcy filing. The Trustee alleges that these payments indirectly benefitted the defendants by reducing their liability, and the Trustee seeks to recover $415,661.45 against the Insider Defendants and $23,333.33 against the non-insider defendant, Bahram Yusefzadeh. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F).

■ The Insider Defendants filed motions to dismiss under Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012. They argue that § 550(c), added to the Bankruptcy Code as part of the Bankruptcy Reform Act of 1994, prevents the trustee from recovering any damages against insider guarantors for avoided preferences resulting from payments to a non-insider made between 90 days and one year prior to the bankruptcy petition date. The trustee filed responses in opposition to the motions. When considering a motion to dismiss, the factual allegations in the complaint must be accepted as true, and all reasonable inferences are construed in the light most favorable to the plaintiff. A motion to dismiss is only granted when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Wagner v. Daewoo Heavy Indus. Am. Corp. et al.*, 289 F.3d 1268, 1270 (11th Cir.2002) (citing *Bryant v. Avado Brands, Inc. et al.*, 187 F.3d 1271, 1273 n. 1 (11th Cir.1999) and *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998)).

A bankruptcy trustee has many avoiding powers, including the power to avoid preferences under 11 U.S.C. § 547. Section 547(b) of the Bankruptcy Code gives the trustee the power to avoid transfers of the debtor's property made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while the debtor was insolvent; (4) on or within 90 days before the date of the filing of the petition; or between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that

enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title. 11 U.S.C. § 547(b) (1994). Relying on § 547(b)(4), the Trustee here seeks to avoid the transfers made in the one-year period prior to the filing, and to recover damages against the defendants under § 550.

One of the remedies for avoidance of a preference is found in § 550 of the Bankruptcy Code.[1] This section gives the trustee the ability to recover avoided transfers or their value for the benefit of the estate, and provides, in pertinent part, as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, *the trustee may recover*, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, *from —*
>
>> (1) the initial transferee of such transfer or the *entity for whose benefit such transfer was made;* or
>>
>> (2) any immediate or mediate transferee of such initial transferee.
>
> . . .
>
> (c) If a transfer made between 90 days and one year before the filing of the petition—
>
>> (1) is avoided under section 547(b) of this title; and
>>
>> (2) was made for the benefit of a creditor that at the time of such transfer was an insider;
>
> *the trustee may not recover under subsection (a) from a transferee that is not an insider.*

---

1. Other remedies or consequences of avoidance include nullification of the transfer as against the trustee and preservation of the transfer for the benefit of the estate under § 551 of the Bankruptcy Code. These other remedies are not relevant here, as this case only involves the recovery remedy under § 550.

11 U.S.C. § 550(c) (1994) (emphasis added).

 The Insider Defendants appear to argue that if the transfers were made between 90 days and one year of the filing of the petition, § 550(c) prohibits a trustee from recovering damages from both the non-insider transferee and from the insider guarantor who benefitted from the avoided transfer. The plain reading of the statute suggests otherwise. Section 550(a) states that when a transfer is avoided under section 547, "the trustee may recover, for the benefit of the estate, the property transferred, or . . . the value of such property, from . . . the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a) (1994). If the other elements of a preference under § 547 are met such that the transfers are avoidable, then § 550(a) allows the trustee to recover the value of the property transferred from these guarantors as entities who benefitted from the transfer. If a voidable transfer is made between the 90 days and one year before bankruptcy, § 550(c) only prevents the trustee from recovering from a "transferee that is not an insider." Nothing in the language of § 550 limits recovery against insider creditors who benefit from voidable transfers to non-insiders.[2]

A number of leading scholars have written about the effect of the 1994 amendments on the preference analysis of debts secured by insider guarantees.[3] Contrary to defendants' argument in this case, the commentators recognize that § 550(c) pro-vides no relief to the insider guarantor and that an insider guarantor can still be liable for preferential payments made by the debtor to outside lenders during the expanded reachback period. Professor Howard writes as follows:

> New § 550(c) provides that a preferential transfer made for the benefit of an insider between ninety days and one year of the bankruptcy filing cannot be recovered from a non-insider transferee. The transfer remains a preference, but any recovery is limited to the insider.

Margaret Howard, *Avoiding Powers and the 1994 Amendments to the Bankruptcy Code*, 69 Am.Bankr.L.J. 259, 266 (1995). Professor Tracht similarly writes:

> Note that this amendment does not fully remove the burden imposed by the *Deprizio* rule. It does not change the definition of a preference, contained in section 547, to eliminate payments made between ninety days and one year before the bankruptcy filing on obligations guarantied by an insider. These payments are still avoidable preferences and can still be recovered from the insider guarantor. Under section 550(c), however, they can no longer be recovered from the creditor.

Marshall E. Tracht, *Insider Guaranties in Bankruptcy: A Framework for Analysis*, 54 U. Miami L.Rev. 497, 540 (2000).

Although the language of the statute is unambiguous such that there is no need to review legislative history to determine the meaning of § 550(c), it is helpful to under-

---

**2.** *See Rosen v. Air Forwarding Sys., Inc. et al. (In re Air Forwarding Sys., Inc.)*, 176 B.R. 638, 639 (Bankr.M.D.Fla.1995) (where the Court commented that the new section "eliminates a trustee's ability to recover transfers from a non-insider creditor and limits the recovery solely to the insider.")

**3.** *See* Steve H. Nickles, *Deprizio dead yet? Birth, Wounding, and Another Attempt to Kill the Case*, 22 Cardozo L.Rev. 1251 (2001); Marshall E. Tracht, *Insider Guaranties in Bankruptcy: A Framework for Analysis*, 54 U. Miami L.Rev. 497 (2000); David Gray Carlson, *Tripartite Voidable Preferences*, 11 Bankr.Dev J. 219 (1995); and Margaret Howard, *Avoiding Powers and the 1994 Amendments to the Bankruptcy Code*, 69 Am.Bankr.L.J. 259 (1995).

stand the context in which § 550(c) was passed. As previously stated, this section was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994, and it is sometimes referred to as the *Deprizio* fix. *Deprizio* refers to a case decided in 1989 by the Seventh Circuit called *Levit, Trustee of V.N. Deprizio Constr. Co. v. Ingersoll Rand Fin. Corp. et al.*, 874 F.2d 1186 (7th Cir.1989). *Deprizio* upset the lending community when it held that a trustee can recover a payment made directly to any creditor, even a non-insider creditor, that is made as far back as one year before the debtor's bankruptcy if the payment amounts to an indirect, avoidable preference to another creditor who is an insider. Thus, under *Deprizio*, the non-insider creditor was vulnerable for the one-year period for insiders rather than the usual 90–day period for non-insiders. Put another way, *Deprizio* effectively expanded the preference period from 90 days to a year whenever a creditor takes a guarantee from an insider of the debtor. The Eleventh Circuit adopted the *Deprizio* rationale in *Galloway v. First Ala. Bank (In re Wesley Indus., Inc.)*, 30 F.3d 1438 (11th Cir.1994), about six weeks before the Reform Act was signed into law. The new § 550(c) was intended to override the *Deprizio* line of cases and clarify that non-insider transferees should not be required to return payments made beyond the 90–day statutory period. *Parris v. Union Planters Bank of Ky. et al. (In re Vaughn)*, 244 B.R. 631, 633 (Bankr. W.D.Ky.2000) (citing H.R.Rep. 103–835, 103rd Cong., 2nd Sess. 19–20 (Oct. 4, 1994), U.S.Code Cong. & Admin.News

1994, p. 3340; 140 Cong.Rec. H10767 (Oct. 4, 1994)). *See also* S.Rep. No. 103–168, at 48 (1993) and H.R.Rep. No. 103–835, at 44–45 (1994). Defendants have pointed to nothing in the legislative history to suggest that Congress intended also to limit the recovery against insider guarantors who benefit from preferential transfers.

The defendants have also not argued that they are not creditors of this debtor. Following *Deprizio*, some suggested that an insider guarantor could avoid exposure by waiving all rights of indemnification, subrogation, contribution and exoneration against the debtor in the loan documents. The argument is that the waiver eliminates the creditor status of the insider guarantor, such that there may be no voidable preference under § 547. *See* Jo Ann J. Brighton, *Payments Benefitting Insider Guarantors Can Be Protected from Recovery by Artful Loan Drafting*, Am.Bankr. Inst.J., 2001 ABI JNL. LEXIS 181, *3–4 (October, 2001).[4] The Insider Defendants here have not raised this argument, there is no evidence that the defendant guarantors waived any rights against the debtor, and the parties do not dispute that the payments at issue are voidable preferences under § 547. In fact, the defendants do not present any preference analysis in their motions to dismiss, but simply argue that any claim for recovery against them is precluded by § 550(c).

■ Finally, it is helpful to distinguish between avoidance and the consequences of avoidance, one of which is recovery under § 550.[5] The amendments to § 550 do

---

**4.** *Also see* Tracht, *supra* at 539, n. 186 and Howard, *supra* at 266; *But see* Jay Lawrence Westbrook, *Two Thoughts About Insider Preferences*, 76 Minn.L.Rev. 73, 87–89 (1991) and *Telesphere Liquidating Trust v. Galesi (In re Telesphere Communications, Inc.)*, 229 B.R. 173, 177 n. 3 (Bankr.N.D.Ill.1999) (where the Court referred to its earlier determination

that a *Deprizio* waiver by a guarantor had no economic impact, was a "sham provision" and was unenforceable as a matter of public policy.).

**5.** *See* Nickles, *supra* note 3, for a thorough discussion of the issues surrounding the relationship between avoidance under § 547 and

not limit avoidance of a preferential transfer under § 547. A transfer from a debtor to an outside lender that benefits an insider guarantor remains a preference if it is made within the year before bankruptcy, assuming the other elements of § 547 are satisfied. All the amendments to § 550 do is limit the recovery for such a preference against the outsider, but the trustee may still seek full recovery against the insiders.

Accordingly, the trustee's complaint states a claim for relief against the Insider Defendants, and the motions to dismiss are hereby DENIED.

recovery under § 550. (Professor Nickles has confirmed to the undersigned that when he commented on the narrowness of the *Deprizio* fix, he meant that non-insiders (as opposed to insiders) are protected from damages under

§ 550(a) but not from avoidance under § 547(b). *Id.* at 1272.)