**In re Susan Lee DENOCHICK.**

**Brian Krasinski and Sandra Krasinski, Appellants,**

v.

**James R. Walsh, Esq., Trustee, Appellee.**

**No. CIV.A. 01–370J.**

United States District Court, W.D. Pennsylvania.

Jan. 14, 2003.

Paul W. Johnson, New Castle, PA, for appellants.

James R. Walsh, David J. Novak, Esquire, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for appellees.

### MEMORANDUM ORDER

CINDRICH, District Judge.

This bankruptcy appeal fulfills the old adage, "No good deed goes unpunished." It also illustrates the wisdom of Proverbs 22:26: "Be not one of those who give pledges, who become surety for debts." Revised Standard Version.

In this case, appellants agreed to guarantee a debt consolidation loan from NBOC to Sandra Krasinski's sister, Susan Lee Denochick (the debtor). The debtor made $1,713.35 in loan payments to NBOC in the year prior to filing bankruptcy. Appellants received none of this money, but the payments had the indirect effect of reducing their exposure on the guarantee they gave to NBOC. The trustee commenced an adversary action to avoid as a preference and recover from appellants the money Denochick paid to NBOC. After a trial, at which appellants did not testify, the bankruptcy court concluded by a memorandum order dated September 10, 2001 that appellants fell within the definition of "creditors" and that they had failed to establish the applicability of the "ordinary course of business" exception. Thus, the court concluded that the trustee could avoid the $1,713.35 and recover that amount from appellants.

We affirm. As the bankruptcy court thoroughly explained, the definition of a "creditor" under the bankruptcy code and Pennsylvania law is very broad and encompasses a guarantor of a debt. Appellants were "creditors," even though their claim was derivative of NBOC's and was contingent upon the debtor's default. Ms. Denochick's payments to NBOC conferred a benefit upon appellants, to the detriment of her other creditors.

We also agree that appellants failed to meet their burden, see 11 U.S.C. § 547(g), of demonstrating that the payments occurred in the ordinary course of business, as defined in 11 U.S.C. § 547(c)(2). That burden, of course, is increased by our standard of review such that appellants must show that the bankruptcy court's factual findings are clearly erroneous. *In re Brown*, 951 F.2d 564, 567 (3d Cir.1991); *see also* Fed. R. Bankr.P. 8013. The rec-

ord here supports the inference that the debt owed to NBOC was extraordinary.

*Conclusion*

In summary, we AFFIRM the bankruptcy court's order and judgment dated September 10, 2001. The clerk is directed to mark this case closed.