In re MIDWEST MOBILE
TECHNOLOGIES,
INC., Debtor.

Henry E. Menninger, Chapter 7 Trustee for the Estate of Midwest Mobile Technologies, Inc., Plaintiff,

v.

Ray A. Attiyah,

and

Midwest Manufacturing Solutions, LLC, Defendants.

Bankruptcy No. 02–12976.
Adversary No. 02–1427.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

July 29, 2003.

James C. Cissell, Cincinnati, OH, Lead Attorney, Pro se.

Richard L. Ferrell, Cincinnati, OH, Lead Attorney, Henry E. Menninger, Jr., Cincinnati, OH, Lead Attorney, representing James C. Cissell, Cincinnati, OH, (Plaintiff).

Timothy J. Hurley, Cincinnati, OH, Lead Attorney, representing Henry E. Menninger, Jr., Cincinnati, OH, (Plaintiff).

Donald John Rafferty, Cincinnati, OH, Lead Attorney, representing Midwest Manufacturing Solutions LLC, c/o Kmk Service Corp, Statutory Agent, Cincinnati, OH, (Defendant).

## MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

JEFFERY P. HOPKINS, Bankruptcy Judge.

Presently before the Court is the Defendants' Motion to Dismiss for Failure to Join an Indispensable Party ("Motion") (Doc. 20). The Plaintiff filed a memorandum in opposition (Doc. 23). For the reasons stated herein, the Motion will be **DENIED.**

The complaint seeks to avoid and recover an alleged preferential transfer of $439,117.56 pursuant to 11 U.S.C. §§ 547(b) and 550(a). The transfer was made to KeyBank National Association ("KeyBank") within the ninety day period preceding the filing of the bankruptcy petition. The Defendants, guarantors of a loan from KeyBank to the Debtor, are not alleged to have received the transferred funds at any time.[1] Notwithstanding, the complaint seeks recovery from the Defendants only. KeyBank is not a party to this action. By their Motion, the Defendants argue that this proceeding must be dismissed, pursuant to Fed.R.Civ.P. 19, for failure to join KeyBank.[2]

Section 547(b)(1) permits a trustee to recover a transfer "for the benefit of a creditor."[3] A guarantor of a debtor is a

1. Although KeyBank obtained a security interest from the Debtor to secure the loan, the Plaintiff takes the position that the security interest is not properly perfected.

2. Fed.R.Civ.P. 19 provides in relevant part:
   (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
   (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

3. Section 547(b) provides:
   Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

"creditor" under 11 U.S.C. § 101(9)(A). *In re C–L Cartage Co.*, 899 F.2d 1490, 1493 (6th Cir.1990). Thus, a transfer in payment of a guaranteed debt may constitute a transfer "for the benefit of a creditor." *See id.* If a trustee proves the remaining elements under § 547(b), he or she may obtain recovery from the guarantor. *See* 11 U.S.C. § 550(a)(1) ("[T]he trustee may recover … the value of such property … from … the entity for whose benefit such transfer was made."); *see also In re Denochick*, 287 B.R. 632 (W.D.Pa.2003) (affirming decision permitting trustee to recover value of preferential transfers from guarantors); *In re M2Direct, Inc.*, 282 B.R. 60 (Bankr.N.D.Ga.2002) (permitting trustee to recover value of preferential transfers from guarantors); *In re Duccilli Formal Wear, Inc.*, Ch. 7 Case No. 1–80–01457, Adv. No. 1–81–0233, 8 Bankr.Ct.Dec. 1180, 1982 Bankr.LEXIS 4641 (Bankr.S.D.Ohio Mar. 8, 1982) (Perlman, J.) (same).[4] Based upon the foregoing alone, this Court concludes that it is not necessary for the Plaintiff bring suit against KeyBank.

Although the Court is unaware of a Rule 19 motion within the context of a preference action against a guarantor, other Rule 19 case law supports this conclusion by analogy. Section 550(a)(1) is said to establish joint liability comparable to the joint and several liability of joint tortfeasors. *See In re World Bazaar Franchise Corp.*, 167 B.R. 985, 989 (Bankr.N.D.Ga. 1994). As to the indispensable nature of joint tortfeasors under Rule 19, the Sixth Circuit has stated:

> It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum. Indeed, the Advisory Committee Notes accompanying Rule 19 provide that "a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability" and "Joinder of these tortfeasors continues to be regulated by Rule 20".

*Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1198–99 (6th Cir.1983) (citations omitted).

Accordingly, the Defendants' Motion to Dismiss for Failure to Join an Indispensable Party (Doc. 20) will be **DENIED.** An order to this effect will be entered.

---

(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**4.** Section 550(a) provides:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.